**MISSOURI AMERICAN WATER COMPANY, Appellant,**

v.

**COLLECTOR OF ST. CHARLES COUNTY, MISSOURI, Respondent.**

**No. ED 81550.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 25, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 16, 2003.

Application for Transfer Denied
May 27, 2003.

Meredith E. Perkins, St. Louis, MO, for appellant.

Charissa L. Watson, St. Charles, MO, for respondent.

GLENN A. NORTON, Judge.

Missouri American Water Company appeals the judgment dismissing its petition against the Collector of St. Charles County for a refund of taxes "mistakenly or erroneously paid." We affirm.

## I. BACKGROUND

■ Because this is an appeal from the grant of a defendant's motion to dismiss for failure to state a claim, we accept as true all well-pled allegations in American Water's petition and liberally grant it all reasonable inferences drawn therefrom. *See Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). We also consider exhibits attached to the petition as part of the allegations. *Suburban Business Products, Inc. v. T.E. Schmitt Co.,* 796 S.W.2d 77, 78 (Mo.App. E.D.1990); Rule 55.12.

In 1999, American Water filed lists declaring the value of its taxable real property at a total of over $12.5 million. The valuations shown on American Water's tax bills were the same as the company had declared. Based on these values, the company's tax liability was $249,403, which American Water paid timely and without protest. The following year, American Water determined that it had made a clerical error in calculating the value of its property. The total value of the property was actually less than $1.5 million. American Water timely requested a partial refund from the Collector, claiming that its valuation was a material misstatement. It believed that extra data had been inadvertently included in its calculations, but because the responsible employee no longer worked at the company and left nothing to support his work, American Water would "never know for sure" what happened.

The Collector denied the request for a refund, finding American Water's explanation insufficient to establish that the taxes had been mistakenly or erroneously paid. American Water filed an application for review of the valuation with the board of equalization, which the board denied as untimely because it did not have authority to hear appeals from previous tax years. American Water also filed a petition with the circuit court, seeking relief under section 139.031.5 RSMo 2000.[1]

The Collector moved to dismiss the petition on the grounds that American Water had failed to state a claim. The court granted the motion. Because the company had provided the valuation itself, the court found that American Water had adequate notice and an opportunity to seek administrative relief from the value assessment. Having failed to timely seek that relief, the court concluded that the taxes calculated on American Water's value assessment were valid. The court found that section 139.031.5 was not designed to remedy American Water's problem: it "is not a substitute for exhaustion of administrative remedies, and the clerical error described by [American Water] ... is not the type of mistake or error in payment that Section 139.031.5 is designed to remedy."

## II. DISCUSSION

■ A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *Nazeri,* 860 S.W.2d at 306; *see also Freeman v. Leader Nat. Ins. Co.,* 58 S.W.3d 590, 596 (Mo.

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

App. E.D.2001). We do not attempt to weigh whether alleged facts are credible or persuasive. *Nazeri*, 860 S.W.2d at 306. "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* at 306. We will reverse a dismissal if the facts in the petition and any reasonable inferences drawn therefrom state any basis for relief. *See Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993).

American Water claims that it has a basis for relief under section 139.031.5. In its three inter-related points on appeal, American Water contends that to recover a refund under section 139.031.5, the taxpayer need not exhaust any administrative remedies. American Water argues that taxpayers are automatically entitled to a refund for taxes mistakenly or erroneously paid by filing a timely application with the collector. Because a portion of the taxes in this case were paid on the basis of a clerical error, American Water claims that they were mistakenly or erroneously paid and that it is entitled to a refund.

The Supreme Court has exclusive jurisdiction over the construction of the revenue laws of this state. Mo. CONST. art. V, sec. 3. The legal issues raised in this appeal can be disposed of by applying prior Supreme Court cases construing section 139.031.5; therefore, this Court has jurisdiction. *Bachman v. City of St. Louis*, 868 S.W.2d 199, 200 (Mo.App. E.D.1994).[2]

Section 139.031.5 provides that the Collector "shall, upon written application of a taxpayer, refund any real ... property tax mistakenly or erroneously paid.... Such application shall be filed within one year after the tax is mistakenly or erroneously paid." The Supreme Court has addressed only a few cases in which the taxpayer sought a refund under this section. American Water relies on *Crest Communications v. Kuehle*, 754 S.W.2d 563, 566 (Mo. banc 1988). In that case, the taxpayer declared the value of his property for 1985, and the county sent notice of an increased assessment, which the taxpayer appealed to the board of equalization and state tax commission. *Id.* at 563–64. While the administrative appeal was pending, the taxpayer paid the 1985 taxes under protest and declared the value of his property for 1986 at the same amount he had declared in 1985. *Id.* at 564. The taxpayer paid the 1986 taxes, as shown on his tax bill, without protest. *Id.* The 1986 taxes had been calculated on the increased assessment amount, but the taxpayer had not received notice of the increase for 1986. *Id.* Thereafter, the state tax commission issued its decision finding the increased assessment excessive and issuing its determination of a reduced assessment. *Id.* The taxpayer applied to the collector for a refund of that portion of the 1986 taxes calculated on the excessive assessment, which the collector denied. *Id.* The taxpayer then sought relief in circuit court under section 139.031.5. *Id.*

The circuit court dismissed the petition for failure to state a claim because the taxes were not mistakenly or erroneously paid and because, having failed to first pay under protest, the taxpayer was precluded from seeking relief. *Id.* On appeal, the Supreme Court found that when notice of

---

**2.** This statute—addressing the collection and refund of revenue by the *county*—may not even be a revenue law "of this state" as that phrase has been construed in *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 910–11 (Mo. banc 1997). "A law that raises revenue only within a single political subdivision for the benefit of that political subdivision at the direction of the legislative body or the voters of the political subdivision is not a revenue law 'of the state.' " *Id.* at 911.

an increased assessment is not given as required by statute, then a taxpayer cannot be required to first pay the taxes under protest before recovering under section 139.031.5 for mistaken or erroneous payments. *Id.* at 566.

The Court also concluded that the taxpayer had alleged facts establishing a mistaken or erroneous payment within the meaning of section 139.013.5. It found that because the increase without notice was invalid, payment of taxes calculated thereon was mistaken or erroneous "at least in a case in which the public authorities are well aware of the disagreement with the taxpayer over valuation, as indicated here by the 1985 valuation litigation." *Id.* at 567. The Court distinguished between its situation and one where the taxes are lawfully and properly assessed:

> Like the taxpayer who makes a double payment of his tax bill, the plaintiff here has alleged payment of taxes not owed, and this situation is to be distinguished from the circumstances . . . in which the taxpayer paid taxes "lawfully and properly assessed."

*Id.* at 567 (quoting *State ex rel. Council Apartments, Inc. v. Leachman*, 603 S.W.2d 930, 931 (Mo.1980) (decided under section 139.031.4 RSMo 1978, predecessor to section 139.031.5)).

The Court in *Crest* demonstrated that its holding was consistent with the purpose of the statute—to balance the interests of taxpayers and collectors by assigning duties and responsibilities to each—and with public policy favoring certainty in revenue collection and discouraging suits for refunds. 754 S.W.2d at 567. "If in this case the [statutory] scheme did not provide the government with all the revenue it anticipated and resulted in undesired litigation, it is because the county assessor failed to fulfill his statutory obligation [re-

garding notice]." *Id.* The Court concluded that the plaintiffs had stated a cause of action under section 139.031.5. *Id.*

As the Supreme Court has since pointed out, the facts of *Crest* were unique and resulted in a unique outcome. *Buck v. Leggett*, 813 S.W.2d 872, 878 (Mo. banc 1991). In *Buck*, the taxpayer's property was assessed at $11,000 one year, $50,700 the next, and $19,600 the following year. *Id.* at 874. For each of those years, the taxpayer paid the taxes shown on his tax bills, which were based on these valuations, without protest. *Id.* Later, he claimed that the taxes based on the $50,700 valuation were mistakenly or erroneously paid and sought a refund under section 139.031.5, which the collector denied. *Id.* The taxpayer petitioned the circuit court for relief under section 139.031.5, and summary judgment was entered in the collector's favor. *Id.*

On appeal, the taxpayer admitted that ordinarily certain steps must be taken to preserve a challenge to an increased value assessment. *Buck*, 813 S.W.2d at 875. But he claimed that he did not have to exhaust these administrative remedies before seeking a refund under 139.031.5 because he had no notice of the increase. *Id.* The Supreme Court found that even if the taxpayer has not received formal notice, by *paying* the taxes he was charged with notice of the assessed value of the property on which his taxes were based. *Id.* at 877. The taxpayer then had two options: pay under protest and follow the procedures set out in section 139.031.1 or seek to enjoin the collection. *Id.* Taxes voluntarily although erroneously paid, however, cannot be refunded absent statutory authority. *Id.*

█ The taxpayer contended that section 139.031.5 expressly authorized a refund because, without notice of the in-

crease, the taxes paid thereon were illegal and therefore erroneously paid. *Id.* The Court disagreed and stated that a deficiency in notice does not establish that the tax was illegal. *Id.* at 877. The Court looked to the meaning of the phrase "erroneous or illegally charged" in other states' tax statutes. *Id.* at 878. That phrase has been held to refer to a "jurisdictional defect as distinguished from a *mere error of judgment*," and generally those statutes do not authorize refunds "on the theory that there has been a mistake in the valuation of the property, which resulted in an excessive assessment." *Id.* at 878 (quoting 72 Am.Jur.2d, State & Local Taxation, section 1066) (emphasis ours). "An excessive assessment does not result in an illegal tax." *Buck,* 813 S.W.2d at 878.

The Court in *Buck* found that the taxpayer was not aided by its earlier holding in *Crest.* *Id.* at 878. Because the taxpayer in *Crest* had properly challenged the increased assessment when it received notice thereof in 1985, it had exhausted its administrative remedies before seeking the refund of 1986 taxes. *Id.* "It had properly initiated a proceeding that resulted in a determination the increased assessment was excessive." *Id.* Based on those unique facts, said the Court in *Buck,* the taxpayer's petition was improperly dismissed. *Id.*

■ The unique facts of *Crest* are not present in this case. In that case, there was an agency decision that the assessment was excessive and the agency had indicated the proper amount, from which a specific refund amount could be determined. Circuit courts have no authority to make such a determination of value or to assess property at any specific amount. *Gershman v. St. Louis County,* 963 S.W.2d 290, 293 (Mo.App. E.D.1997). If refund claims were allowed in cases where the taxpayer had not sought or obtained an agency determination like the one in *Crest,* the circuit courts would be faced with questions they have no authority to answer.

Moreover, in this case the taxpayer, not the government, is at fault. No public policy or statutory purpose would be served by forcing the government to litigate this issue—rendering collection uncertain and encouraging suits for refunds—when the government has not violated statutory obligations, as it did in *Crest.* In fact, by holding the government responsible for the consequences of its conduct, *Crest* actually supports holding American Water responsible for its conduct. If in this case the statutory scheme results in an overpayment by the taxpayer, it is the taxpayer's own fault. Charging American Water with notice of its own internal clerical error is also consistent with the Supreme Court charging the taxpayer in *Buck* with notice of an increased assessment. In both situations, the taxpayer bears the burden of discovering whether it has a challenge to the assessment before payment so that he can pursue the appropriate administrative remedies.

■ Finally, this clerical error is not the type of mistake or error contemplated by section 139.031.5. "Mistakenly or erroneously paid" means taxes that were not owed at the time they were paid, as compared to taxes "lawfully and properly assessed." *See Crest,* 754 S.W.2d at 567. It is clear under *Buck* that excessive assessments based on mistakes of judgment like the one claimed here do not result in illegal or invalid taxes. *Buck,* 813 S.W.2d at 878.

American Water's petition did not state a claim for a refund under section 139.031.5 and it was properly dismissed.[3]

Points I, II and III are denied.

## III. CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J., concurring.

**3.** *See also The Quaker Oats Company v. Collector of Buchanan County,* 96 S.W.3d 133 (Mo. App. W.D.2003) (taxpayer challenging incorrect valuation based on taxpayer's clerical error, who had not exhausted administrative remedies or paid taxes under protest, had no claim under section 139.031.5 for refund of taxes mistakenly or erroneously paid).