SUMMER CHASE SECOND ADDITION SUBDIVISION HOMEOWNERS ASSOCIATION, Plaintiff/Appellant,

v.

TAYLOR–MORLEY, INC., et al., Defendants/Respondents.

No. ED 84250.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 19, 2004.

Richard Joseph Magee, Clayton, MO, for appellant.

Kenneth B. Newman, Angela N. Loehr—co-counsel, St. Louis, counsel for Taylor–Morley, Inc.

Lawrence Bovard Grebel, Aaron Matthew Finter—co-counsel, St. Louis, counsel for KBA–Durrant, Inc.

Stephen C. Hiotis, Todd West—co-counsel, Clayton, MO, counsel for Geotest, Inc.

Christopher P. Leritz, St. Louis, counsel for Perotti Bros., Incorporated.

SHERRI B. SULLIVAN, J.

*Introduction*

Summer Chase Second Addition Subdivision Homeowners Association (Summer Chase) appeals from a judgment of the trial court sustaining the motions to dismiss filed by Taylor–Morley, Inc. (Taylor–Morley), Perotti Brothers, Inc. (Perotti Brothers), KBA–Durrant, Inc. (KBA–Durrant), and Geotest, Inc. (Geotest) (collectively Respondents) and dismissing Summer Chase's Petition for Damages (Petition). We affirm.

*Factual and Procedural Background*

On June 18, 2003, Summer Chase filed its four-count Petition based upon an alleged defectively designed and constructed railroad tie retaining wall in the Summer Chase Second Addition residential subdivision. The Petition alleged the following. The wall was constructed behind certain homes to provide additional backyard space. The defectively designed and constructed wall resulted in movement of the wall that requires repair to prevent continued movement.

Count I of the Petition was against Taylor–Morley, the general contractor, for breach of implied warranty. Count II was against Taylor–Morley and Perotti Brothers for negligent construction. Count III was against KBA–Durrant and Geotest for negligent design. Count IV was against Taylor–Morley for negligent misrepresentation. The Petition also alleged that the common areas of the subdivision, including the retaining wall, were conveyed and transferred to Summer Chase under a Declaration of Trust, Covenants, Conditions and Restrictions dated February 28, 1994. Also, under the Declaration of Trust, Summer Chase is responsible for repairing, maintaining, replacing and restoring the retaining wall. Respondents filed answers to the Petition.

Subsequently, Respondents filed motions to dismiss the Petition. The common ground for dismissal alleged by each Respondent was that the cause of action is time barred under Section 516.120,[1] the five-year statute of limitations. Taylor–Morley and Geotest also alleged that the Petition failed to state a claim upon which relief can be granted. Taylor–Morley filed a memorandum in support of its motion to dismiss to which Summer Chase filed a memorandum in response to which Taylor–Morley filed a reply memorandum.

After a hearing, the trial court sustained Respondents' motions to dismiss, without stating any specific ground(s) upon which the dismissal was based, and dismissed Summer Chase's Petition, without designating the dismissal as with or without prejudice.

*Standard of Review*

■ The law generally favors trial on the merits. *Thomas v. B.K.S. Dev. Corp.*,

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

77 S.W.3d 53, 57–58 (Mo.App. E.D.2002). Appellate review of a trial court's order granting a motion to dismiss is *de novo*. *M.M.H. v. J.P.C.*, 42 S.W.3d 16, 18 (Mo. App. E.D.2001). When the trial court fails to state a basis for its dismissal, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss. *Johnson v. Vee Jay Cement*, 77 S.W.3d 84, 88 (Mo.App. E.D.2002). We will affirm the dismissal if any ground supports the motion to dismiss, regardless of whether or not the trial court relied on that ground. *Id.* When reviewing the dismissal, we examine the pleadings, allowing the broadest intendment, treating all alleged facts as true, and construing the allegations in favor of the pleader, to determine whether they involve principles of law. *Olean Associates, Inc. v. Knights of Columbus*, 5 S.W.3d 518, 521 (Mo.App. E.D.1999).

*Discussion*

 We must first determine our jurisdiction *sua sponte*. Because the trial court did not specify "with prejudice" in its judgment dismissing the Petition, the dismissal is "without prejudice." *See* Rule 67.03.[2] Generally, a dismissal without prejudice is not a final judgment because the party may re-file the cause of action, and thus the dismissal is not appealable. *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo.App. E.D.2000). However, where the trial court's dismissal has the practical effect of terminating the cause of action, such as a dismissal based on a statute of limitations or failure to state a claim, it is appealable. *Id.* Because the motions to dismiss argued such grounds for dismissal, and therefore the trial court's dismissal may have been based on at least one of these grounds, its judgment is final and appealable.

Summer Chase raises six points on appeal. Because we find points three, four, five and six dispositive, we address those points first. In its points three, four, five and six on appeal, Summer Chase argues that assuming the trial court sustained Respondents' motions to dismiss based upon a failure to state a claim upon which relief can be granted, the court erred in doing so.

 A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *Missouri Am. Water Co. v. Collector of St. Charles County, Missouri*, 103 S.W.3d 266, 268 (Mo.App. E.D.2003). We do not attempt to weigh whether or not alleged facts are credible or persuasive. *Id.* at 269. Rather, we review the petition to determine if the alleged facts meet the elements of a recognized cause of action, or of a cause of action that might be adopted in that case. *Id.* We will reverse a dismissal if the alleged facts in the petition and any reasonable inferences drawn therefrom state any basis for relief. *Id.* A petition cannot be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim that would give a right to relief. *Thomas*, 77 S.W.3d at 58.

 Count I of the Petition alleged breach of implied warranty against Taylor–Morley. Implied warranties of merchantable quality and reasonable fitness apply in the purchase of a new home by the first purchaser from a vendor-builder. *Smith v. Old Warson Dev. Co.*, 479 S.W.2d 795, 796 (Mo. banc 1972). This theory of recovery, which is derived from the common law, is a limited departure from the strict application of the doctrine of caveat emptor. *Id.* We conclude that Summer

---

**2.** All rule references are to Mo. R. Civ. P.2004, unless otherwise indicated.

Chase is not entitled to claim relief under this theory of recovery because the Petition does not allege, and the facts would not support, that Summer Chase is a first purchaser of a new home.

Summer Chase argues that it is the "first owner of the common ground upon which the retaining wall is located," and therefore it should have the same protection as the first purchaser of a new home. We disagree. Such status is not the equivalent of a first purchaser of a new home, which is a requirement for the departure from the strict application of the doctrine of caveat emptor. The Petition does not allege that a residential home sits on the common areas, as it would be illogical to have such an arrangement. As the *Old Warson* Court reasoned in establishing the implied warranties in this limited context:

> Although considered to be a 'real estate' transaction because the ownership to land is transferred, the purchase of a residence is in most cases the purchase of a manufactured product—the house. The land involved is seldom the prime element in such a purchase, certainly not in the urban areas of the state.

Summer Chase is not the purchaser of a house. Additionally, the Petition states that the common areas were "conveyed and transferred," not purchased, to Summer Chase under the Declaration of Trust. Thus, Summer Chase did not "purchase" the common areas. The retaining wall is located on common ground, not purchased by any specific new home owner and without a specific home as part of the common areas.

We do not agree with Summer Chase's policy argument that our holding "would allow developers of residential subdivisions to evade the implied warranty by placing ownership of integral items with the Association rather than with the Purchasers of homes in the subdivision." We find it unlikely that a purchaser of a new home would agree to this scenario. Nonetheless, we will not expand the limited context in which the Missouri Supreme Court departed from the strict application of the doctrine of caveat emptor.

Accordingly, Summer Chase did not state a claim upon which relief can be granted under Count I of the Petition, and therefore, the trial court did not err in dismissing Count I for breach of implied warranty against Taylor–Morley.

■ Count II of the Petition alleged negligent construction against Taylor–Morley, as the general contractor, and Perotti Brothers.[3] Perotti Brothers was a subcontractor of Taylor–Morley. The Petition did not allege that Summer Chase entered into a separate contract with Perotti Brothers, and therefore Summer Chase was not in privity of contract with Perotti Brothers. Generally, a party is not liable in negligence to a third party with whom the party is not in privity. *Fleischer v. Hellmuth, Obata & Kassabaum,* 870 S.W.2d 832, 834 (Mo.App. E.D. 1993). Although there are recognized exceptions to the rule of privity, we do not find any applicable here.[4]

---

3. Although Perotti Brothers did not raise failure to state a claim upon which relief can be granted as a ground in its motion to dismiss, Summer Chase raises the issue and argues the ground as it applies to Perotti Brothers in the argument portion under the respective point relied on in its initial brief. Further, the defense of failure to state a claim upon which relief can be granted may be raised for the first time on appeal. Rule 55.27(g)(2); *Barlett By and Through Barlett v. Kansas City Southern Ry. Co.,* 854 S.W.2d 396, 399 (Mo. banc 1993).

4. Some recognized exceptions to the rule of privity are: where an act of negligence is imminently dangerous to the lives or safety of others or the thing dealt with is inherently

■ In determining whether or not a defendant is liable to a third party with whom the defendant is not in privity, we consider various conditions and circumstances. First, we consider the policy concerns of exposing the defendant to an unlimited, indeterminate or excessive number of potential claimants and depriving parties control over their contracts. *Id.* at 835. Presuming neither of these concerns is present in this case, we consider the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm. *Id.* Summer Chase argues that it was foreseeable that the negligent construction of the retaining wall would harm Summer Chase.

■ Even if Perotti Brothers owed Summer Chase a duty absent privity under a foreseeability exception, Summer Chase still has failed to state a claim upon which relief can be granted because the nature of the injury claimed by Summer Chase precludes liability. As a result of the alleged negligent construction of the retaining wall, Summer Chase maintains that the wall has moved and thus is in need of repair. This allegation is a claim for economic loss. Where the only damage complained of is an economic loss resulting from defects in the item built pursuant to a contract, a negligence action does not lie. *See Korte Constr. Co. v. Deaconess Manor Ass'n,* 927 S.W.2d 395, 404–405 (Mo.App. E.D.1996); *Fleischer,* 870 S.W.2d at 834–837. Therefore, under these circumstances, the nature of the injury claimed by Summer Chase precludes liability.

■ As to Taylor–Morley, Summer Chase argues that the Petition stated a cause of action for negligent construction based on the doctrine of respondeat superior. The Petition alleged: "[Perotti Brothers] acting for itself and on behalf of Taylor–Morley, Inc. constructed the retaining tie walls behind the homes . . . ." Summer Chase maintains that the allegation satisfies the pleading requirements of Rule 55.05 in that it constitutes a short and plain statement that Perotti Brothers was the agent of Taylor–Morley.

■ Respondeat superior is inapplicable unless a master-servant relationship exists between the parties. *Trinity Lutheran Church v. Lipps,* 68 S.W.3d 552, 557 (Mo.App. E.D.2001). Without the power to control, no master-servant relationship exists and the purported master incurs no liability. *Id.* In contrast to performing tasks as an employee within a master-servant relationship, an independent contractor exercises independent judgment and contracts to do a piece of work according to his or her own methods, without being subject to the control of his or her employer except as to the result of his or her work. *Id.*

We conclude that the Petition alleges insufficient facts to establish a theory of liability for Taylor–Morley based on the doctrine of respondeat superior. Perotti Brothers was a subcontractor of Taylor–Morley. The Petition states no factual allegations indicating that Taylor–Morley controlled or had the right to control Perotti Brothers' method for constructing the retaining wall, as distinguished from control of the ultimate result. *See Empson v. Missouri Highway & Transp. Comm'n,*

dangerous; fraud or collusion; express warranty; implied warranty; and error in the transmission of telegrams. *Fleischer,* 870 S.W.2d at 835.

649 S.W.2d 517, 522 (Mo.App. W.D.1983). Alleging that Perotti Brothers acted "on behalf of" Taylor–Morley is merely a conclusory statement; it does not allege facts that, if true, establish agency or respondeat superior.

Accordingly, Summer Chase did not state a claim upon which relief can be granted under Count II of the Petition, and therefore, the trial court did not err in dismissing Count II for negligent construction against Taylor–Morley and Perotti Brothers.

■ Count III of the Petition alleged negligent design against KBA–Durrant and Geotest. Preliminarily, we dismiss Summer Chase's point five on appeal as it applies to KBA–Durrant because the argument portion of its initial brief does not preserve for review the issue of failure to state a claim upon which relief can be granted.

■ Issues raised in the points relied on that are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review. *Trustees of Green Trails Estates Subdivision v. Marble*, 80 S.W.3d 841, 848 (Mo.App. E.D. 2002). A party must develop the contention raised in the point relied on in the argument section of the brief or the point is not preserved. *Id.* Arguments omitted from an appellant's initial brief may not be supplied by a reply brief because a respondent has no opportunity to address the argument. *Id.*

Although Summer Chase's fifth point relied on raises the issue of failure to state a claim upon which relief can be granted as it applies to KBA–Durrant, the argument portion of this point in its initial brief does not develop this contention. The argument portion makes no legal argument related to KBA–Durrant. Accordingly,

Summer Chase's point five on appeal is dismissed as it applies to KBA–Durrant.

■ As to Geotest, we conclude that Count III fails to state a claim upon which relief can be granted against Geotest. In its Petition, Summer Chase alleged the following:

Brucker & Associates, Ltd. served as the Geotechnical Engineers for the development and construction of the Summer Chase Second Addition Subdivision. Brucker & Associates, Ltd. is a dissolved corporation. On information and belief, [Geotest] is the successor in interest to Brucker & Associates, Ltd.

The Petition further alleged that as a direct and proximate result of the negligence and carelessness of Brucker and Associates, Ltd. (Brucker), Summer Chase has been damaged.

Even if Geotest is the successor in interest to Brucker, the Petition alleges insufficient facts to show that Geotest also succeeded to Brucker's potential liabilities. Alleging that Geotest is the "successor in interest" to Brucker is merely a conclusory statement; it does not allege facts that, if true, establish a basis for holding Geotest liable for the alleged negligence of Brucker, a dissolved corporation.

Accordingly, Summer Chase did not state a claim upon which relief can be granted under Count III of the Petition, and therefore, the trial court did not err in dismissing Count III for negligent design against Geotest.

■ Count IV of the Petition alleged negligent misrepresentation against Taylor–Morley. To state a claim for negligent misrepresentation, a plaintiff must plead facts that establish: (1) the speaker supplied information in the course of his or her business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the informa-

tion was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's reliance on the information, the listener suffered a pecuniary loss. *Kesselring v. St. Louis Group, Inc.*, 74 S.W.3d 809, 813 (Mo.App. E.D.2002).

The Petition alleges that Taylor–Morley represented to Summer Chase's agent that the retaining wall "should last 25 years" and that in reliance on that representation, Summer Chase set an amount to be assessed to establish "a reserve sufficient to replace the wall after 25 years." The Petition also alleges that Summer Chase has suffered loss in that the wall requires "significant repair" at a time earlier than Taylor–Morley represented.

█ We conclude that Summer Chase did not plead facts that establish that the information supplied by Taylor–Morley is false. Summer Chase alleged that it relied on the statement by Taylor–Morley to make arrangements to *replace* the retaining wall in 25 years; however, Summer Chase does not allege that the wall requires replacement, only that it requires *repair*.

Accordingly, Summer Chase did not state a claim upon which relief could be granted under Count IV of the Petition, and therefore, the trial court did not err in dismissing Count IV for negligent representation against Taylor–Morley.

Because we have concluded that at least one ground exists to dismiss all of Summer Chase's counts in its Petition, we need not address the remaining points on appeal

that address the issue of the statute of limitations.

*Conclusion*

The judgment of the trial court is affirmed.[5]

GARY M. GAERTNER, SR., P.J., and GLENN A. NORTON, J., concur.

---

5. KBA–Durrant's motion to dismiss the appeal for the failure of Summer Chase's brief to comply with Rule 84.04 is granted as to point five and denied otherwise. Perotti Brothers' motion to dismiss the appeal for the failure of Summer Chase's brief to comply with Rule 84.04 is denied.