**ORF CONSTRUCTION, INC.,**
Plaintiff/Respondent,

v.

**BLACK JACK FIRE PROTECTION
DISTRICT, Defendant/Appellant.**

No. ED 89502.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 2007.

Lawrence P. Kaplan, St. Louis, MO, for appellant.

Mary Leighton Bruntrager, Daniel Joseph Bruntrager, John H. Goffstein, co-counsel, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Orf Construction (Orf) appeals the trial court's judgment in favor of Black Jack Fire Protection District (Black Jack) dismissing Orf's petition to compel arbitration and denying its motion for a new trial. Orf argues that a valid and enforceable contract existed between the parties or, alternatively, an arbitrator was required to determine the validity of the contract. We affirm.

## I.  Facts and Procedural History

In March 2006, the City of Black Jack, through its architects, FGM, Inc. (FGM), issued a project manual and advertised for bids for the construction of a new engine house. FGM approved Orf's bid and sent Orf a notice to proceed stating, "A draft of the Standard Form Agreement between Owner and Contractor (A101–1997) is currently being reviewed [sic] the Fire Protection District's attorney. We will forward the agreement for signatures after their evaluation." Orf began work on the job site and sent to Black Jack a change proposal requesting additional time and funds for pre-demolition utility work. The proposal stated, "By signing in the space provided, Black Jack Fire District agrees with the changed scope described and the amount above will be incorporated into the next change order." Black Jack's fire chief signed the proposal.

In May 2006, FGM sent Orf unsigned drafts of the documents containing handwritten edits and marked "DRAFT" on each page. The cover note stated, "Attached is the current copy of the AIA Contract for your use. I have not yet edited it for the PLA agreement."

Black Jack dismissed Orf the next month and refused Orf's request for arbitration with the American Arbitration Association (AAA) as contemplated in the draft agreements. Orf notified the AAA of the dismissal and filed in the circuit court a petition to compel arbitration. Black Jack moved to dismiss, and the trial court granted the motion, finding that the documents exchanged between the parties did not satisfy section 432.070, which requires that contracts with political subdivisions be in writing and signed by an authorized person.

Based on the trial court's judgment, the AAA denied Orf's request for arbitration. Orf then moved for a new trial, which the court denied.

## II.  Discussion

Appellate review of a trial court's order granting a motion to dismiss is *de novo*. *Moynihan v. Gunn*, 204 S.W.3d 230, 233 (Mo.App. E.D.2006). "A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition." *Summer Chase Second Addition Subdivision Homeowner's Ass'n. v. Taylor–Morley, Inc.*, 146 S.W.3d 411, 415 (Mo.App. E.D.2004). This Court reviews the petition to determine if the alleged facts meet the elements of a recognized cause of action and does not attempt to weigh whether or not alleged facts are credible or persuasive. *Id.*

In its first point, Orf claims the trial court erred in dismissing its petition because a valid and enforceable contract existed between the parties. Section 432.070 [1] states:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract shall be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, *shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.*

The foregoing requirements are mandatory and not discretionary, and a contract made in violation of them is void rather than voidable. *Gill Construction, Inc. v. 18th & Vine Authority,* 157 S.W.3d 699, 710 (Mo.App. W.D.2004). Section 432.070 was enacted to preclude parties who have performed services for a municipality or county or other governmental entity without entering into a contract from subsequently recovering the value of those services based upon an implied contract. *Investors Title Company, Inc. v. Hammonds, et al.,* 217 S.W.3d 288, 294 (Mo. banc 2007). The provisions of section 432.070 do not protect parties who seek to impose obligations upon government entities. *Gill Construction, Inc.,* 157 S.W.3d at 708. Rather, the purpose of section 432.070 is to protect the public entity. *Id.*

Orf contends that the drafts exchanged between the parties coupled with the change proposal signed by the fire chief constitute a valid and enforceable contract. The record is void of any municipal act authorizing the transaction or conferring upon the fire chief the power to execute the underlying agreements. The documents from which Orf seeks to create a binding contract wholly fail to satisfy the statutory criteria. No valid contract existed. As such, any arbitration clause in the drafts is unenforceable.

In its second point, Orf asserts that the trial court erred by denying its motion for a new trial. We review a trial court's denial of a motion for a new trial for abuse of discretion. *Twin Chimneys Homeowners Ass'n v. J.E. Jones Const. Co.,* 168 S.W.3d 488, 495 (Mo.App. E.D. 2005). We find no abuse of discretion in the trial court's denial of a new trial on a petition that was properly dismissed in the first instance.

### III. Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and NANNETTE A. BAKER, J. concur.

---

1. All future references are to RSMo 2000, unless otherwise indicated.