**Bernard SCOTT, Appellant,**

v.

**POTTER ELECTRIC SIGNAL COMPANY and Division of Employment Security, Respondents.**

**No. ED 93554.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 2010.

Bernard Scott, St. Louis, MO, pro se.

Potter Electric c/c UC Express, Hazelwood, MO, pro se.

Larry Ruhmann, Jefferson City, MO, for respondents.

NANNETTE A. BAKER, Judge.

### Introduction

Bernard Scott ("Appellant") appeals *pro se* from an order of the Labor and Industrial Relations Commission, which affirmed a decision of the Division of Employment Security Appeals Tribunal denying employment compensation benefits. Appellant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and therefore it is dismissed.[1]

### Discussion

 *Pro se* appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules of Rule 84.04.[2] *See Pointer v. State, Dept. of Social Servs.,* 258 S.W.3d 453, 454 (Mo.App. E.D.2008). "Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting *pro se* litigants preferential treatment." *Pruett v. Pruett,* 280 S.W.3d 749, 751 (Mo.App. S.D.2009). While we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal. *Schaefer v. Altman,* 250 S.W.3d 381, 384 (Mo.App. E.D. 2008).

Here, Appellant failed to comply with Rule 84.04 in almost every respect. First, Appellant's statement of facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Further, Appellant fails to support any of his factual statements with citations to the legal file or transcript. Rule 84.04(i); *Lueker v. Missouri W. State Univ.,* 241 S.W.3d 865, 868 (Mo.App. W.D. 2008) (record citations in appellate briefs are "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record").

Second, Appellant does not comply with Rule 84.04(d)(2), which requires each point relied on to identify the administrative ruling or action challenged, to provide a concise statement of the legal reasons for the claim on appeal, and explain why the legal reasons support the claim of error. In fact, Appellant does not have a point relied on in his brief.

Third, Appellant fails to comply with Rule 84.04(e) in that he has no argument portion of his brief, and preserves nothing for review. Appellant's argument should demonstrate how principles of law and the facts of the case interact. *Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n,* 258 S.W.3d 547, 557 (Mo.App. S.D. 2008). Here, it appears that Appellant has incorporated an argument into his statement of facts.

Fourth, Appellant's brief violates Rule 84.04(e), because it fails to set forth the applicable standard of review for agency decisions, presents no legal arguments for reversal, and contains no citations to legal authorities. Rule 84.04(e). Also, Rule 84.04(h)(1) provides that a party's brief

---

1. Since we are granting Respondent's motion to dismiss the appeal, we need not address Respondent's Motion to Strike Appellant's Brief.

2. All rule references are to Mo. Rules Civ. P.2000, unless otherwise indicated.

shall contain an appendix containing the "judgment, order, or decision in question." Rule 84.04(h)(1). There is no appendix in Appellant's brief containing the judgment from which he appeals.

Further, Appellant's brief contains no table of cases, statutes or other authorities cited in violation of Rule 84.04(a)(1). And finally, Appellant's brief does not contain a proper jurisdictional statement as required by Rule 84.04(b).

### *Conclusion*

Appellant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for appellate review. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005). The appeal is dismissed.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.