

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| WILMA PENNINGTON-THURMAN, | ) | No. ED103032 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | Honorable David L. Dowd |
| | ) | |
| Defendants/Respondents. | ) | Filed: February 2, 2016 |

## I. Introduction

Wilma Pennington-Thurman ("Appellant") appeals *pro se* from the judgments of the trial court, dismissing with prejudice Appellant's petition against Bank of America, N.A. ("BOA"), Bryan Cave, L.L.P. ("Bryan Cave"), and Millsap & Singer, P.C. ("Millsap") (collectively "Respondents") for failure to state a claim. Appellant's claims against Respondents arise out of the foreclosure of Appellant's home. We affirm in part and dismiss in part.

## II. Background

The underlying litigation is Appellant's fourth lawsuit against BOA, involving a mortgage loan (the "Loan") she obtained from BOA in 2001, secured by her home (the "Property"), and BOA's attempts to foreclose on the deed of trust encumbering the Property due to Appellant's default on the Loan. Appellant has not made a payment on the Loan since 2007 even though she has lived on the Property until recently.

1

On January 31, 2008, a foreclosure sale was conducted on account of the note and the deed of trust held by BOA on the Property. Appellant filed a petition against BOA alleging wrongful foreclosure. On November 18, 2008, the court entered an order setting aside the foreclosure sale and the related trustee's deed. However, on January 30, 2009, a special warranty deed (the "Special Warranty Deed") transferring the Property from BOA to Federal Home Loan Mortgage Corporation ("FHLMC") was recorded.

In July 2009, BOA attempted again to foreclose on the Loan. To avoid the foreclosure, Appellant filed her voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] Three days later, Appellant filed two causes of action against BOA (the "2009 State Cases"), alleging fraud and wrongful foreclosure in state court.[2]

While the 2009 State Cases were pending, Appellant converted her bankruptcy case to a Chapter 7 proceeding. The bankruptcy court appointed a bankruptcy trustee (the "Bankruptcy Trustee") to administer Appellant's bankruptcy estate (the "Bankruptcy Estate"). The Bankruptcy Trustee, believing the 2009 State Cases were assets of the Bankruptcy Estate, reached a settlement with BOA regarding Appellant's claims in the 2009 State Cases (the "Settlement"). As part of the Settlement, BOA paid the Bankruptcy Estate $12,500 in return for a dismissal with prejudice of all the fraud and wrongful foreclosure claims in the 2009 State Cases, and a full release of all of Appellant's claims against BOA. On May 17, 2010, the bankruptcy court approved the Settlement, affirming that the causes of action in the 2009 State Cases were property of the Bankruptcy Estate and subject to administration by the Bankruptcy Trustee.

---

[1] On January 27, 2010, the bankruptcy court discharged Appellant's personal indebtedness on the Loan.
[2] The court initially entered default judgment against BOA in the amount of $150,000, but later vacated the judgment for improper service on BOA.

After the Settlement was approved by the bankruptcy court, the state court dismissed the 2009 State Cases with prejudice following BOA and the Bankruptcy Trustee's joint motion to dismiss. In dismissing the cases, the court noted that the bankruptcy court found Appellant's claims in the 2009 State Cases to be the property of the Bankruptcy Estate, and concluded that Appellant lacked standing to file the petitions and that the proper party-in-interest for the cases was the Bankruptcy Trustee. Appellant did not appeal this judgment.

Thereafter, BOA proceeded to foreclose on the Property. On March 1, 2013, BOA sent Appellant a Notice of Intent to Accelerate and Foreclosure, with instructions regarding Appellant's right to cure. On April 3, 2013, Appellant filed a motion to reopen her bankruptcy case. The bankruptcy court denied the motion. The bankruptcy court's denial was affirmed by the United States Bankruptcy Appellate Panel for the Eight Circuit, as well as the United States Court of Appeals for the Eight Circuit. Appellant then filed a petition for a writ of certiorari with the United States Supreme Court, which was also denied.

On September 17, 2014, BOA executed an Appointment of Successor Trustee, appointing Millsap as Successor Trustee under the Deed of Trust. A foreclosure sale was scheduled for November 6, 2014. Millsap provided notices to Appellant and published notice of the sale.

On November 3, 2014, Appellant filed her fourth underlying petition against Respondents, claiming that BOA failed to provide her with notice of her right to cure, that BOA is not the holder of the Note, and that the appointment of successor trustee is fraudulent because she did not authorize the appointment.[3] Appellant also sought a temporary restraining order ("TRO") to stop the foreclosure sale.

On November 12, 2014, the trial court entered an order denying Appellant's motion for TRO, concluding that "[Appellant] has failed to show that she is likely to succeed on the merits"

---

[3] In her petition, Appellant did not make any arguments as to the 2009 State Cases.

and that "[Appellant]'s claims are barred by the doctrine of *res judicata* and have been released by [Appellant]'s representative, [the Bankruptcy Trustee]."[4]  With the express permission from the trial court, BOA and Millsap proceeded with the foreclosure sale on November 13, 2014. The Property was sold to FHLMC at the sale (the "2014 Trustee's Sale").

Meanwhile, Respondents filed motions to dismiss Appellant's underlying petition and the trial court held a hearing on May 11, 2015.  During the hearing, Appellant filed a Motion to Reopen the 2009 State Cases (the "Motion to Reopen").  The trial court entered orders and judgments, granting BOA and Bryan Cave's and Millsap's motions to dismiss, and dismissed Appellant's petition in its entirety with prejudice.  The trial court found Appellant failed to state any claim against Bryan Cave and Millsap, and Appellant failed to state a claim against BOA.[5] The trial court did not expressly rule on the Motion to Reopen.  Appellant appeals *pro se*, asserting three points of trial court error.  In response, Millsap has filed a motion to strike Appellant's brief and to dismiss the appeal, which is taken with the case.

### III. Standard of Review

We review the trial court's grant of a motion to dismiss *de novo*.  *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008).  "We treat all facts alleged as true, and construe the allegations favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief."  *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 127 (Mo. App. E.D. 2009) (internal quotations and citation omitted).  Without

---

[4] Appellant appealed this interlocutory order denying her motion for TRO. We dismissed the appeal for lack of a final, appealable judgment.

[5] The trial court specifically found: (1) that Appellant had no standing to challenge the foreclosure sale since she failed to allege she provided notice of redemption within 10 days of the foreclosure sale, (2) that she failed to state a claim for wrongful foreclosure sounding in tort because Appellant did not allege she was not in default on the Loan or tendered to Respondents the amounts due and owing under the Loan, (3) that she failed to state a claim for wrongful foreclosure in equity because she did not sufficiently allege fraud, unfair dealing or mistake in the foreclosure sale, and (4) she had no standing to challenge the appointment of successor trustee.  The trial court also found that the documents attached to her own petition demonstrated that BOA provided her with notice of right to cure her default and that BOA was the holder of the Note.

4

weighing the alleged facts, we review the petition to determine if the alleged facts meet the elements of a recognized cause of action. *ORF Constr., Inc. v. Black Jack Fire Prot. Dist.*, 239 S.W.3d 685, 686 (Mo. App. E.D. 2007).

## IV. Discussion

### Point I

Appellant asserts the trial court erred in dismissing her petition with prejudice without reopening the 2009 State Cases. Appellant argues that the 2009 State Cases were not adjudicated on the merits and the underlying litigation "[was] to establish that fact." Appellant argues that the trial court in the 2009 State Cases erred in permitting the Bankruptcy Trustee to file various motions because the Bankruptcy Trustee did not file an entry of appearance in the 2009 State Cases and "the 'Causes of Action' are not the property of [Appellant's] bankruptcy estate" under Bankruptcy Code 11 U.S.C. § 348(f)(1). In essence, Appellant claims that the trial court erred in not granting her Motion to Reopen. We disagree.

"The trial court is vested with broad discretion when acting on motions to vacate judgments." *Anderson v. Cent. Missouri State Univ.*, 789 S.W.2d 41, 43 (Mo. App. W.D. 1990) (citation omitted). "An appellate court should not interfere with the action taken by the trial court unless the record clearly and convincingly demonstrates an abuse of such discretion." *Id* (internal quotations and citation omitted). "Judicial discretion is abused only when that ruling was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 458 (Mo. App. S.D. 2013).

5

Here, Appellant filed the Motion to Reopen pursuant to Rule 74.06(b)(2)–(3).[6] Rule 74.06(b) states in its entirety as follows:

**(b) Excusable Neglect--Fraud--Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Appellant asserts the 2009 State Cases should be reopened pursuant to the rule. Appellant argues that the judgment in the 2009 State Cases was irregular because the Bankruptcy Trustee did not file an entry of appearance. Appellant also argues that the Bankruptcy Trustee committed fraud in reaching the Settlement.

We find Appellant's claims in the Motion to Reopen are time-barred pursuant to Rule 74.06(c). The rule provides, "[t]he motion *shall be made* within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) *not more than one year after the judgment or order was entered*." Rule 74.06(c) (emphasis added). The judgment in the 2009 State Cases was entered on July 19, 2010. Accordingly, a motion to reopen the cases to seek relief from the judgment for reasons of fraud on the court and irregularity in the judgment should have been filed before July 20, 2011. Here, Appellant filed the Motion to Reopen on May 11, 2015 - well beyond the time within which Appellant was permitted to do so under the rule. Further, Appellant does not allege any reason why she failed to file a motion to reopen the 2009 State Cases within the required time period.

Among the Supreme Court Rules on setting aside a judgment, Rule 74.06 requires the highest standard because of the interest in stability of final judgments and precedent. *McGee ex*

---

[6] All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

*rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 587 (Mo. App. E.D. 2013). Here, Appellant has not met that standard. Accordingly, the trial court did not abuse its discretion in not granting Appellant's Motion to Reopen.

Furthermore, Appellant's Motion to Reopen was filed with several procedural flaws. First, Appellant did not assert any claim related to the 2009 State Cases in her underlying petition. Accordingly, what Appellant attempted to do by filing the Motion to Reopen was essentially to amend the underlying petition to add a claim for relief regarding the 2009 State Cases. A pleading may be amended only by leave of court or by written consent of the adverse party.[7] Rule 55.33. Here, Appellant did not seek leave of court nor was there written consent of the adverse parties. Therefore, Appellant could not amend the underlying petition by filing the Motion to Reopen.

Secondly, if the Motion to Reopen was not an attempt to amend the underlying petition, then Appellant should have filed the Motion to Reopen as an independent action, separate from the underlying litigation. "After one year from the date of the judgment, the judgment is subject to attack only by an independent action in equity upon a demonstration of extrinsic fraud when the basis of relief is fraud." *Cody v. Old Republic Title Co.*, 156 S.W.3d 782, 784 (Mo. App. E.D. 2004). However, Appellant failed to do so.

Even if we overlook the procedural flaws, we find Appellant's Motion to Reopen meritless. Appellant's claims in the 2009 State Cases were already litigated between Appellant and BOA and were fully released pursuant to the terms of the Settlement approved by the bankruptcy court. The bankruptcy court concluded that Appellant's claims in the 2009 State

---

[7]A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served. Otherwise, leave of court or written consent of the adverse party is required to amend a pleading. Rule 55.33. Here, a responsive pleading had already been filed.

Cases were the property of the Bankruptcy Estate and that the Settlement was proper. Because the bankruptcy court has exclusive jurisdiction to decide whether certain property is property of the bankruptcy estate, 28 U.S.C.A. § 1334(e)(1), we have no jurisdiction to consider Appellant's claim that the 2009 State Cases were not the property of the Bankruptcy Estate. Accordingly, the cases were properly dismissed with prejudice in 2010.

"The doctrine of *res judicata* operates to bar any claim that was previously litigated between the same parties or those in privity with them." *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. App. W.D. 2009). Appellant neither alleges that her claims in the Motion to Reopen are different from those raised in the 2009 State Cases nor that the parties are different. Accordingly, her claims in the 2009 State Cases are barred by the doctrine of *res judicata*. Therefore, the trial court would not have abused its discretion. Point denied.

### Points II and III

In Point II, Appellant asserts the trial court erred in "allowing [BOA] and [Millsap] to foreclose on real property." Appellant further asserts "[t]he [c]ourt erred in dismissing [her] petition based on Defendant's defense of res judicata" because BOA and the Bankruptcy Trustee perpetrated "fraud upon the court" and "[r]es judicata can only stand for cases not surround[*sic*] by fraud."[8] In Point III, Appellant asserts the trial court erred in dismissing her petition without "[asking] [BOA] and [Millsap] to produce any documents to establish that it is entitled to enforce the deed of trust." Appellant argues that BOA did not prove it held the Note and had authority to appoint a successor trustee, that the "Special Warranty Deed"[9] invalidated the 2014 Trustee's

---

[8] Under this point, Appellant also asserts "the Circuit Court erred in 2009 in dismissing the writ of execution and setting aside the September 15, 2009 default judgment in favor of [Appellant] and against [BOA] in the amount of $150,000." This argument is not encompassed by the Point Relied On under Rule 84.04(e). We do not consider arguments, raised in the argument under a point, that are not fairly encompassed by the point relied on. *Hutchings ex rel. Hutchings v. Roling*, 193 S.W.3d 334, 346 (Mo. App. E.D. 2006); Rule 84.04(e) ("The argument shall be limited to those errors included in the 'Points Relied On.'"). Accordingly, we decline to review this claim.

[9] Neither BOA nor FHLMC has tried to enforce the Special Warranty Deed.

8

Sale, and that BOA should not be permitted to rely on a right to cure notice dated March 1, 2013 for a trustee's sale occurring in November of 2014. We decline to review these points for Appellant's failure to comply with Rule 84.04.

*Pro se* appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules of Rule 84.04. *Scott v. Potter Elec. Signal Co.*, 310 S.W.3d 311, 312 (Mo. App. E.D. 2010). This is "to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Nelson v. Nelson*, 195 S.W.3d 502, 514 (Mo. App. W.D. 2006). "Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting *pro se* litigants preferential treatment." *Id* (internal quotations and citation omitted). Although we are mindful of the problems faced by *pro se* litigants, we must require *pro se* appellants to comply with these rules and we cannot relax our standards merely because one is a non-lawyer. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo. App. W.D. 2007).

Here, the argument sections of Appellant's Points II and III substantially fail to comply with Rule 84.04(e). Accordingly, these points do not invoke appellate jurisdiction and must be dismissed. *Davis v. Long*, 391 S.W.3d 532, 532 (Mo. App. E.D. 2013). Rule 84.04(e) requires the argument section of a brief to include a concise statement of the applicable standard of review for each claim of error. Appellant's argument sections fail to state the applicable standards of review for any of Appellant's claims of error. It is insufficient in that Appellant does not explain why, in the context of the case, the law supports that the alleged errors were reversible errors. *See e.g.*, *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009).

Furthermore, the argument sections neither contain citations to legal authorities to support Appellant's arguments nor present legal arguments for reversal. This is in violation of Rule 84.04(e). *Scott*, 310 S.W.3d at 312. In Point II, Appellant makes a conclusory statement that "[r]es judicata can only stand for cases not surround[*sic*] by fraud" without citing to any legal authorities or having specific page references to the relevant portion of the record on appeal. Relevant cites are "mandatory and essential for effective functioning of appellate courts." *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo. App. S.D. 2013). Violation of Rule 84.04 is an adequate ground of dismissal. *Tucker v. United Healthcare Svc, Inc.*, 232 S.W.3d 636, 639 (Mo. App. S.D. 2007).

Likewise, in Point III, Appellant fails to cite any legal authorities for her arguments[10] that BOA should not be permitted to rely on a right to cure notice, dated March 1, 2013, for a trustee's sale occurring in November of 2014 and that the Special Warranty Deed invalidated the 2014 Trustee's Sale. In addition, Appellant merely makes conclusory allegations that there is a genuine dispute of material facts regarding the legality of the appointment of the successor trustee without presenting any legal arguments for reversal. An argument section that presents no legal arguments for reversal and that contains no citations to legal authorities violates Rule 84.04(e) and preserves nothing for appellate review. *Scott*, 310 S.W.3d at 312. Accordingly, the argument section of Point III preserves nothing for our review.

Appellant's failure to cite proper legal authorities supporting her claims and the applicable standards of review would require us to supply the deficiencies in her brief by

---

[10] Point III is also multifarious in that it complains of three perceived failings by the trial court with respect to its dismissal of the underlying petition. *See Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo. App. S.D. 2006). "Structuring a point relied on so that it groups together contentions not related to a single issue violates Rule 84.04." *Martin v. Reed*, 147 S.W.3d 860, 863 (Mo. App. S.D. 2004) (internal quotations and citation omitted). "Improper points relied on, including those that are multifarious, preserve nothing for appellate review." *Id* (internal quotations and citation omitted).

independent and additional research. This exercise would cause us to become Appellant's advocate, which would be inherently unfair to the opposing parties. *Anderson v. Am. Family Mut. Ins.*, 173 S.W.3d 356, 359 (Mo. App. W.D. 2005). Moreover, Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal." *In re Marriage of Smith*, 283 S.W.3d 271, 276 (Mo. App. E.D. 2009). Accordingly, we dismiss Points II and III.

## IV. Conclusion

We affirm the trial court's judgment as to Point I. We dismiss Appellants' Points II and III. Respondent Millsap's motion to strike Appellant's brief and to dismiss the appeal is dismissed as moot because of our disposition of the appeal.

_____
Angela T. Quigless, Judge


Philip M. Hess, P.J., and
Gary M. Gaertner, Jr, J., Concurs.

11