**RYANN SPENCER GROUP, INC.,**
**Plaintiff/Appellant,**

v.

**ASSURANCE COMPANY OF AMERICA, et al., Defendants/Respondents.**

No. ED 90545.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 13, 2008.

Application for Transfer Denied
Feb. 24, 2009.

---

Arthur G. Muegler, Jr., Saint Louis, MO, for Plaintiff/Appellant.

David Patrick Bub, Saint Louis, MO, Douglas James McCarty, Edwardsville, IL, for Defendants/Respondents.

SHERRI B. SULLIVAN, J.

### Introduction

Ryann Spencer Group, Inc. (Appellant) appeals from the trial court's October 9, 2007 Judgment making final its August 22, 2007 Order dismissing with prejudice Counts III and IV of Appellant's petition against Assurance Company of America (Assurance) and Charles L. Crane Agency Company (Crane) (collectively Respondents). We affirm.

### Factual and Procedural Background

Appellant solicited Crane, an insurance broker, to procure a policy of insurance for Appellant's property located at 4211–4217 Beck in the City of St. Louis (property), to provide coverage for risk of loss by fire and other perils in an amount equal to the "full fair market value" of said property. Crane procured a "Builders Risk" policy of insurance from Assurance, an insurance company, providing coverage for risk of loss by fire and other perils to the property. Assurance issued the policy of insurance (Policy) to Appellant, providing $500,000 coverage limits for 4211 Beck and $500,000 coverage limits for 4217 Beck, for a total of $1,000,000 in coverage for the total property. The Policy became effective December 29, 2004, and remained in effect for one year. Appellant renewed the Policy under the same terms and for the same coverage in December 2005, for coverage effective from December 29, 2005, until December 29, 2006. On July 13, 2006, a fire damaged the property. Appellant notified Assurance of its claim on July 14, 2006.

On August 15, 2006, Appellant filed its Petition against Respondents, alleging in Count I, breach of contract against Assur-

ance, by not paying Appellant's claim for damages resulting from a sudden fire casualty loss; Count II, vexatious refusal to pay under Section 375.420 [1] against Assurance; Count III, intentional misrepresentation (fraud) against Assurance and Crane; Count IV, negligent misrepresentation against Assurance and Crane; and Count V, negligence against Crane. On August 22, 2007, the trial court dismissed with prejudice Counts III and IV of the Petition. On October 9, 2007, Appellant voluntarily dismissed the remaining Counts I, II and V. On October 10, 2007, the trial court entered its Judgment in favor of Respondents, making final and incorporating by reference its August 22, 2007 Order dismissing Counts III and IV. This appeal follows.

## Points Relied On

In its first point, Appellant maintains that the trial court erred in dismissing Counts III and IV of its Petition, against Assurance, because they sufficiently stated the elements of fraud and negligent misrepresentation against Assurance. Appellant also claims that Section 375.420 does not preempt its negligent misrepresentation claim against Assurance under *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62 (Mo.banc 2000), because that claim is not dependent upon the elements of its breach of contract claim.

In its second point, Appellant assets that the trial court erred in dismissing Counts III and IV of its Petition, against Crane, because they sufficiently stated the elements of fraud and negligent misrepresentation against Crane.

## Standard of Review

■ Appellate review of a trial court's order granting a motion to dismiss is *de*

novo. *Summer Chase Second Addition Subdivision Homeowners Ass'n v. Taylor–Morley, Inc.*, 146 S.W.3d 411, 415 (Mo. App. E.D.2004). We will affirm the dismissal if any ground supports the motion to dismiss, regardless of whether or not the trial court relied on that ground. *Id.* When reviewing the dismissal, we examine the pleadings, allowing the broadest intendment, treating all alleged facts as true, and construing the allegations in favor of the pleader, to determine whether they involve principles of substantive law. *Id.* In making our determination, we may not address the merits of the case or consider evidence outside the pleadings. *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo. App. W.D.2004).

## Discussion

■ The elements of a claim for fraud are: (1) a representation, (2) its falsity at the time made, (3) its materiality, (4) the speaker's knowledge of the falsity, (5) the speaker's intent that the statements should be acted upon by the other party in the manner contemplated, (6) the other party's ignorance of the falsity, (7) the other party's reliance on the perceived truthfulness of the representation, (8) the right to rely upon the statement, and (9) damages. *Hyatt v. Trans World Airlines*, 943 S.W.2d 292, 295–296 (Mo.App. E.D.1997). In Count III (fraud) of its Petition, Appellant alleged the following:

33. Crane and [Assurance], jointly and severally, each intentionally made the following representations to [Appellant] in The City of St. Louis, Missouri, and elsewhere, at various times between circa December 1, 2004 through circa December 29, 2005, to wit:

(a) Crane would cause [Assurance] to insure [property] against the risk of loss by fire and other perils in an amount

---

1. All statutory references are to RSMo 2004, unless otherwise indicated.

equal to the full fair market value of [property] at the time Insurance Policy issued and at all times thereafter during the term of Insurance Policy;

(b) The Insurance Policy issued by [Assurance] would insure [property] against the risk of loss by fire and other perils in an amount equal to the full fair market value of [property] at the time Insurance Policy issued and at all times thereafter during the term of Insurance Policy;

(c) In the event of the happening of a covered [property] loss during the Insurance Policy term, [Assurance] would timely pay [Appellant] as contracted in Insurance Policy and as required under Missouri statutes.

The foregoing Petition paragraphs 33(a), 33(b) and 33(c) are hereinafter jointly and severally referred to as "Representation # 1".

34. Crane and [Assurance], jointly and severally, each intentionally made Representation # 1 with the present state of mind and intention not to perform as represented, or, recklessly made Representation # 1 with a state of mind not knowing whether Representation # 1 was either true or false or whether Representation # 1 would be performed as represented.

35. Representation # 1(a) was false, (b) was known by the maker to be false when made or was made recklessly by the maker not knowing whether it was true of false, (c) was material, (d) was made by the maker with the intent that [Appellant] act and rely upon the apparent truthfulness of the same, (e) was not known by [Appellant] to be false, (f) was reasonably relied upon by [Appellant] to be true and (g) directly and proximately caused [Appellant] to suffer damage as hereinafter alleged.

36. Reasonably relying upon the truthfulness of Representation # 1, [Appellant] paid the indicated Insurance Policy premiums to purchase Insurance Policy.

37. As a result of such fraudulent misrepresentations, as alleged herein, [Appellant] has been directly and proximately caused to suffer actual foreseeable damages in excess of $1,000,000.00, including, but not limited to, (a) the difference in the fair market value of [property] immediately before and after Loss Event, (b) public insurance adjuster, appraiser and engineering fees, (c) prejudgment interest at the rate of 9% per annum on such sums until date of judgment under Section 408.020 R.S.Mo. and (d) other substantial economic and recoverable noneconomic losses.

38. The conduct of Crane and [Assurance], as alleged herein and as shown at trial, each was intentional, malicious, wanton, evil, outrageous and showed a conscious disregard for, and a complete indifference to, the life, safety and property of [Appellant].

39. [Appellant] is entitled to recover herein, and it seeks, punitive damages against Crane and [Assurance].

■ The elements of a claim for negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss. *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 689 (Mo.App. E.D.1994). In

Count IV (negligent representation) of its Petition, Appellant alleged the following:

40. Each and every allegation contained in Petition General Allegations ¶ 1 through ¶ 8, Petition Count I ¶ 10 through ¶ 25 and Petition Count II ¶ 28 through ¶ 30 are each hereby incorporated by reference into this Petition Count IV as if fully set out word for word.

41. At various times from circa December 1, 2004 through circa December 29, 2005, Crane and [Assurance] supplied [Appellant] in the City of St. Louis, Missouri (and elsewhere) with information and made the express representation to [Appellant] that if [Appellant] would purchase [property] casualty insurance from [Assurance] that [Assurance] would issue an insurance policy (Sic: Insurance Policy) and would timely pay [Appellant] all sums due under the terms of such insurance policy and Missouri statutes within a reasonable time after a covered loss event as contracted and as provided under Missouri Law ("Representation # 2").

42. At various times from circa December 1, 2004 through circa December 29, 2005, Crane and [Assurance] supplied [Appellant] in the City of St. Louis, Missouri (and elsewhere) with information and made the express representations to [Appellant] set out herein at ¶ 33, supra (Representation # 1).

43. That, because of the antecedent failure of Crane and [Assurance] to exercise reasonable care and reasonable competence to discover [Assurance] in fact had no intention based upon [Assurance]'s Policy and Policy Objectives to pay insurance claims as contracted under [Assurance] issued insurance policies and/or under Missouri statutes, and further had no intent to insure [property] to fair market value against risk of loss, Representation # 1 and Representation # 2 each was false.

44. Representation # 1 and Representation # 2 were intentionally provided by Crane and [Assurance] to [Appellant] for [Appellants] (sic) guidance when determining whether or not to purchase a[n] [Assurance] casualty insurance policy.

45. As a result of such negligent misrepresentations, as alleged herein, [Appellant] has been directly and proximately caused to suffer actual foreseeable actual (sic) damages in excess of $1,000,000.00, including, but not limited to, (a) the difference in the fair market value of [property] immediately before and after Loss Event, (b) public insurance adjuster, appraiser and engineering fees, (c) prejudgment interest at the rate of 9% per annum on such sums until date of judgment under Section 408.020 R.S.Mo. and (d) other substantial economic and recoverable non-economic losses.

46. The conduct of Crane and [Assurance], jointly and severally as alleged herein and as shown at trial, each was intentional, malicious, wanton, evil, outrageous and showed a conscious disregard for, and a complete indifference to, the life, safety and property of [Appellant].

47. Plaintiff is entitled to recover herein, and it seeks, punitive damages against Crane and [Assurance].

### Fraud and Negligent Misrepresentation— Assurance

■ It is apparent from an examination of the elements of the causes of action for fraud and negligent misrepresentation, and a comparison of those elements to the actions alleged in Counts III and IV of

Appellant's Petition, that Appellant's Petition on its face set forth sufficient facts establishing the elements of those respective causes of action against Assurance. However, Appellant is foreclosed from asserting these claims against Assurance because the facts pled in those counts are already within its causes of action for breach of contract and vexatious refusal to pay. *Duncan v. Andrew County Mutual Ins. Co.*, 665 S.W.2d 13, 19 (Mo.App. W.D. 1983); Section 375.420. Appellant's fraud and negligent representation claims against Assurance are based on Assurance's refusal to pay and are not based on conduct distinct from conduct that merely constitutes a breach of contract. The mere failure to perform a contract cannot serve as the basis of tort liability unless the breach itself is an independent tort. *Gibson v. Adams*, 946 S.W.2d 796, 802 (Mo.App. E.D.1997). Appellant cannot convert his breach of contract claim against Assurance for failure to pay under the policy into a tort claim. *Overcast*, 11 S.W.3d at 67.

■ Appellant maintains that *Overcast* held that its fraud and negligent representation claims are not preempted by the vexatious refusal to pay statute, Section 375.420. However, the Supreme Court in *Overcast* stated that Section 375.420 does not provide for preemption *per se*. It is still the law though that an insured with a dispute against its insurance company cannot substitute a tort claim *when a contract remedy is available*. *Overcast* concerned a defamation suit which, as the Supreme Court noted, is not related to the common law contract remedy. *Id.* at 70. Appellant's fraud and negligent representation claims against Assurance are related to its breach of contract and vexatious refusal to pay claims. Accordingly, Appellant's assertion is without merit. Point I is denied.

Appellants second point concerns its fraud and negligent misrepresentation claims against Crane.

### Fraud—Crane

■ Crane and Assurance are independent entities. In its fraud claim against Crane, Appellant asserts that Crane represented to Appellant that Assurance would issue to Appellant an insurance policy, and pay on that policy in the event of a covered loss, the full fair market value of Appellant's covered property, while knowing, or recklessly failing to know, that Assurance would not do so.

■ Statements and representations about expectations and predictions for the future, especially regarding future actions of an independent third party, do not constitute fraudulent misrepresentation. *Bohac v. Walsh*, 223 S.W.3d 858, 863 (Mo. App. E.D.2007). The representations of Crane complained of by Appellant specifically involve the future actions of Assurance, an independent third party. Appellant is not justified in relying on such representations as a matter of law. *Rhodes Engineering Co., Inc. v. Public Water Supply Dist. No. 1 of Holt County*, 128 S.W.3d 550, 568 (Mo.App. W.D.2004); *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.*, 754 S.W.2d 897, 898–99 (Mo.App. W.D. 1988).

### Negligent Misrepresentation—Crane

■ The same reasoning in our discussion of why Appellant's fraud claim against Crane fails, applies to its negligent misrepresentation claim against Crane as well. The main difference between fraudulent misrepresentation and negligent misrepresentation, is that fraudulent misrepresentation requires proof that the defendant knew the statement was untrue or was reckless as to whether the statement was true or false, while negligent misrep-

resentation only requires that the defendant failed to exercise reasonable care or competence to obtain or communicate true information. *Jim Lynch Cadillac, Inc. v. Nissan Motor Acceptance Corp.,* 896 S.W.2d 704, 707 (Mo.App. E.D.1995).

Again, Appellant cannot premise its negligent misrepresentation claim upon the promise that a third party will perform an act. The rule of *Eureka Pipe,* cited above in our discussion that fraudulent misrepresentation claims are not actionable against one making a representation regarding future actions of an independent third party, is equally applicable to negligent misrepresentation claims. *Wellcraft Marine v. Lyell,* 960 S.W.2d 542, 547 (Mo.App. W.D.1998). A claim for negligent misrepresentation generally cannot be based on unfulfilled promises or statements as to future events, unless the statement is a representation of the speaker's present intention or concerns matters within the speaker's control. *Id.* The representation is not actionable if it regards the future actions of an independent third party. *Id.* If the third party is independent, the third party would not be under the control of the speaker, so the speaker would not be liable for any misrepresentations. *Id.*

It is reasonable that there be comparable rules in negligent and fraudulent misrepresentation causes of action since these tort causes of action are both based on detrimental reliance on a factual misrepresentation. *Wellcraft Marine,* 960 S.W.2d at 547. Both causes of action require justifiable reliance on the misrepresentation, whether it be fraudulent or negligent. See *Colgan,* 879 S.W.2d at 689. The only relevant difference between Appellant's fraud claim and its negligent misrepresentation claim against Crane in this case is that its fraud claim requires proof that Crane knew that or was reckless as to whether

Assurance would not provide the coverage Appellant wanted, while its negligent misrepresentation claim only requires that Crane failed to exercise reasonable care or competence to obtain the knowledge that Assurance would not provide the coverage Appellant wanted. See *Jim Lynch Cadillac,* 896 S.W.2d at 707. Either way, Appellant had no right to rely on Crane's representation of what Assurance would or would not do.

For these reasons, Appellant's second point is denied.

### Conclusion

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J., concur.