Rita H. MASSIE, Appellant,

v.

Barry Arthur COLVIN and Beverly Colvin and United Country–Missouri Ozarks Realty, Inc., Respondents.

No. SD 31085.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 23, 2012.

Motion for Rehearing or Transfer
Denied Feb. 15, 2012.

Linda T. McKinney, for Appellant.

George C. Fisher for Respondent Colvins.

Catherine A. Reade for Respondent United Country.

**DANIEL E. SCOTT, Judge.**

Plaintiff[1] sued land sellers and a real estate agency for misrepresentation. On cross-motions for summary judgment, the trial court assumed Plaintiff's factual allegations as true, yet ruled against her. We affirm the trial court's judgment.

### Background

We borrow liberally from the trial court's recital of the facts. The Colvins listed their farm for sale with United Country. Plaintiff viewed it and expressed an interest to United Country agent Christina Madajik, but only if the property could be fenced and gated. Madajik advised that neighbor Leroy Jones

had an access easement across the property, but she opined that the issue could be worked out. Plaintiff asked Madajik whether Jones would agree to a gate across the easement/road. Madajik replied that Jones would not mind. Madajik called Curt Dobbs, another United Country agent, who said Plaintiff would have no problem putting up a gate.

Plaintiff visited the property a second time with Madajik and the Colvins. Plaintiff reiterated her need for fencing and gates because of her animals. Mr. Colvin said that he saw no problems in that regard and agreed to erect same for Plaintiff. Madajik told Plaintiff that her father had worked with Jones, who was "a nice guy," so Madajik expected no problem with the fencing and gates. Mr. Colvin expressed similar sentiments. Madajik later told Plaintiff that a title company had advised Dobbs that Plaintiff could gate the easement as long as she gave Jones a key.

Plaintiff and the Colvins eventually settled on a price. At Plaintiff's request, the real estate contract included a special agreement between Plaintiff and Mr. Colvin about erecting fencing and gates.

For reasons immaterial to this case, five months passed before the closing, which was attended by Plaintiff, Madajik, and a title company employee. Plaintiff again said she did not want the property unless it could be fenced and gated. The title company employee informed Plaintiff of the easement, which also was mentioned in the title commitment and the warranty deed. Plaintiff closed anyway, after which Mr. Colvin fenced the property and put a gate across the road easement.

---

1. We describe the parties as the trial court did in its judgment: Appellant Massie as "Plaintiff" and Respondents as "United Country" and "the Colvins" (or sometimes simply "Mr. Colvin").

Jones objected to the gate, later filed suit, and ultimately won a judgment against Plaintiff for removal of the gate and $3,500 damages.[2] Plaintiff then sued the Colvins for fraudulent misrepresentation and United Country for negligent misrepresentation. After discovery, each party sought summary judgment. Deeming the operative facts essentially undisputed, the trial court assumed the truth of Plaintiff's factual allegations, but ruled all motions against Plaintiff for three related, but separate, legal reasons:

1. Plaintiff's constructive notice of the easement per the recording statute, § 442.390.

2. Plaintiff's actual knowledge of the easement based on her property visits, conversations, title insurance commitment, etc.

3. The statements in question were opinions of future third-party actions (*i.e.,* Jones's consent), not actionable representations of existing fact.

### Defective Points

Although our review is *de novo,* it is Plaintiff's burden, as the appellant in this court, to show that summary judgment was improper. *Ogg v. Mediacom, L.L.C.,* 142 S.W.3d 801, 808 n. 9 (Mo.App.2004). Unfortunately, we are hindered by the form and substance of Plaintiff's points, which disregard Rule 84.04(d) and are nearly mirror images:

#### Point I

*The trial court erred in not finding that [United Country] along with its agents made negligent misrepresentations to*

*[Plaintiff] and considering the recording statutes as controlling in this case.*

#### Point II

*The trial court erred in not finding that [the Colvins] made fraudulent misrepresentations to [Plaintiff] and considering the recording statutes as controlling in this case.*

Ignoring Rule 84.04 violations for the moment, we find doubly flawed the complaints about "not finding that" misrepresentations were made. First, trial courts have no fact-finding role in summary judgment, since "it is not the 'truth' of the facts upon which the court focuses, but whether those facts are disputed." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 382 (Mo. banc 1993).[3] Second, the trial court expressly assumed as true "all of the Plaintiff's factual allegations."

Moreover, neither point offers legal reasons why the trial court could not treat the recording statutes as controlling (Rule 84.04(d)(1)(B)) or explains why these legal reasons support reversal in this case (Rule 84.04(d)(1)(C)). To speculate as to these would force us to don the cap of advocacy, contrary to our proper appellate role. *Henson v. Henson,* 195 S.W.3d 479, 484 (Mo.App.2006).

Even if we assume these flawed points are reviewable, they focus on one of several bases for summary judgment and ignore the rest. They do not support reversal since the judgment is proper for another reason.

---

**2.** Jones's easement was recorded in 1997, runs with the land, and states that parties subject thereto "shall not obstruct passage thereon by gates or any other means."

**3.** *ITT* is Missouri's "bible" on summary judgment. Our appellate courts cite it, on average, in at least two opinions per week.

## No Justifiable Reliance

■ Inexplicably, Plaintiff never contacted Jones in the weeks preceding her offer or during the five-month delay prior to closing. She claims that she:

> never thought it was necessary to ask Jones himself if she could put up fencing and a gate across the easement on the property because of what Barry Colvin and Madajik had told her about Jones and their assurances that she could put up fencing and a gate across the easement on the property as well as Madajik's phone call to Massie saying that Curt Dobbs had called the title company and the title company had told him that she could have a gate across the easement, she just could not put a lock on the gate.

None of these persons spoke for Jones, however, nor does Plaintiff so claim. In context, their statements were mere predictions or opinions that things would work out for Plaintiff to have a gate, with Jones's consent or acquiescence, despite the recorded easement.

"[A]s a matter of law, Plaintiff had no right to rely on any representation by the individual Defendants as to what [Jones] might do in the future." *Rhodes Eng'g Co. v. Pub. Water Supply Dist. No. 1*, 128 S.W.3d 550, 568 (Mo.App.2004). This applies to Plaintiff's fraudulent *and* negligent misrepresentation claims. *See, e.g.,* *Ryann Spencer Group, Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290–91 (Mo. App.2008) (fraud and negligent misrepresentation); *Bohac v. Walsh*, 223 S.W.3d 858, 863 (Mo.App.2007)(fraud); *Rhodes Eng'g*, 128 S.W.3d at 568 (fraud); *Wellcraft Marine v. Lyell*, 960 S.W.2d 542, 547 (Mo.App.1998)(negligent misrepresentation); *Eureka Pipe, Inc. v. Cretcher–Lynch & Co.*, 754 S.W.2d 897, 898–99 (Mo. App.1988)(fraud).

■ Statements, representations, or predictions about an independent third party's future acts simply do not constitute actionable misrepresentation. *Ryann Spencer Group*, 275 S.W.3d at 290–91. Negligent misrepresentation and fraudulent misrepresentation are treated comparably in this respect because both are "based on detrimental reliance on a factual misrepresentation" and "require justifiable reliance on the misrepresentation, whether it be fraudulent or negligent." *Id.* at 291.[4] Either way, Plaintiff had no right to rely on third-party assertions of what Jones would or would not do. *Id.*

## Conclusion

Summary judgment was proper, after adequate time for discovery, if Plaintiff was and would remain unable to prove some element of her claims. *Maune ex rel. Maune v. City of Rolla*, 203 S.W.3d

---

**4.** The elements of *fraudulent* misrepresentation are: (1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *White v. Bowman*, 304 S.W.3d 141, 147 (Mo.App.2009).

The elements of *negligent* misrepresentation are: (1) the speaker supplied information in the course of his business or because of some other pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) that as a result of the hearer's reliance on the statement, he suffered a pecuniary loss. *Id.*

Failure of proof as to any one of these elements is fatal to either claim. *Id.*

802, 804 (Mo.App.2006). Justifiable reliance was one such element. As a matter of law, Plaintiff had no right to rely on third-party representations about what Jones might do. *See Rhodes Eng'g*, 128 S.W.3d at 568. "[A] statement is not actionable that an independent third person ... will do some particular thing." *Eureka Pipe*, 754 S.W.2d at 899.

We deny Plaintiff's points and affirm the judgment.

BARNEY and BATES, JJ., concur.