**Stanley SAKABU and Cindy Province, Appellants,**

v.

**REGENCY CONSTRUCTION CO., INC., Respondent.**

**No. ED 97934.**

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 2, 2012.

Ronald C. Willenbrock, St. Louis, MO, for Appellant.

Jackie M. Kinder, Kenneth Goleaner, St. Louis, MO, for Respondent.

Before GARY M. GAERTNER, JR., C.J., KURT S. ODENWALD, J., and ROBERT M. CLAYTON III, J.

ROBERT M. CLAYTON III, Judge.

Stanley Sakabu and Cindy Province ("Plaintiffs") appeal the trial court's grant of summary judgment in favor of Regency Construction Co., Inc. ("Regency"). On appeal, Plaintiffs argue a genuine issue of material fact existed, the trial court failed to resolve a disputed issue of material fact, and the trial court misinterpreted Missouri law. We reverse and remand.

## I. BACKGROUND

Plaintiffs entered into a contract with Regency wherein Regency agreed to serve as general contractor to renovate Plaintiffs' home. Regency hired a subcontractor, Kirsch Plumbing, Inc. (Kirsch), to perform the necessary plumbing work. While Kirsch was using a grinding tool, flying sparks from the grinder started a fire at Plaintiffs' residence.[1] The fire caused damages to Plaintiffs' real and personal property in excess of $50,000.

Plaintiffs filed a petition for damages against Regency asserting breach of contract and negligence. For the claim for breach of contract, Plaintiffs asserted that Regency owed them a duty to perform its obligations under the contract in a workmanlike manner, but breached this duty by (1) failing to inform and obtain permission from Plaintiffs that grinding equipment would be used on their property; (2) failing to take adequate safety measures; (3) permitting the grinding tool to be used unnecessarily; and (4) failing to adequately supervise its subcontractor. For the negligence claim, Plaintiffs asserted that Regency owed them a duty of reasonable care to prevent the fire, but breached this duty, citing the same four facts supporting the breach-of-contract claim.

Regency moved for summary judgment. Regency asserted a general contractor cannot be held liable for the acts of a subcontractor, and the facts supporting Plaintiffs' breach-of-contract claim all stemmed from the actions of the subcontractor, Kirsch. Regency also argued that for a cause of action in negligence to arise between two contracting parties, it must

---

1. The fire started when sparks from the grinding tool fell on live class "C" fireworks Plaintiffs stored in their basement. Regency states on appeal that Kirsch was seriously injured in the resulting fire and filed suit against Plaintiffs, Regency, and Regency's owners individually.

arise from an act that constitutes a tort independent of any breach of contract. Here, the acts alleged in the petition did not constitute negligence; rather, the petition asserted Regency breached its contract. Because a breach of contract itself without an underlying tort does not create an action in tort, Regency was entitled to judgment as a matter of law.

Plaintiffs responded that although general contractors are not liable for the acts of independent contractors, here the parties agreed only that Kirsch was a subcontractor. Plaintiffs argued that the terms subcontractor and independent contractor are not synonymous, and there was no evidence in the record showing that Kirsch was an independent contractor. Without evidence that Kirsch was an independent contractor, summary judgment was inappropriate on the issue of whether Regency could be liable for Kirsch's tortious acts.

The trial court granted summary judgment to Regency, finding that Regency was entitled to judgment as a matter of law on the breach-of-contract claim because general contractors cannot be liable for the torts of a subcontractor. The court noted that the terms subcontractor and independent contractor are interchangeable. Because Kirsch was a subcontractor, Regency was not liable for Kirsch's acts. Likewise, the court found that Regency was entitled to judgment as a matter of law on the negligence claim, because breach of contract does not provide a basis for tort liability and no act by Regency constituted an independent tort. This appeal follows.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where the moving party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine issue of material fact. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The movant has the burden to establish both a legal right to judgment and the absence of any genuine issue of material fact supporting that claimed right to judgment. *Id.* at 378. Our review is essentially de novo. *Cardinal Partners, L.L.C v. Desco Inv. Co.*, 301 S.W.3d 104, 108 (Mo.App. E.D.2010). When considering an appeal from summary judgment, we review the record in a light most favorable to the party against whom judgment was entered, and we afford the non-movant the benefit of all reasonable inferences from the record. *Id.* at 108–09.

### B. Subcontractors are Not Synonymous with Independent Contractors

In their first point on appeal, Plaintiffs argue the trial court erred in granting summary judgment to Regency because there remained a genuine issue of material fact as to whether Kirsch was an independent contractor. Specifically, while the parties agreed that Kirsch was a subcontractor, there was no evidence showing Kirsch was an independent contractor, and the two terms are not synonymous. We agree.

■ "The word 'subcontractor' is a term of inexact meaning and broad application." *Barkley v. Mitchell*, 411 S.W.2d 817, 823 (Mo.App.1967). A subcontractor is defined as "[o]ne who is awarded a portion of an existing contract by a contractor, esp. a general contractor." Black's Law Dictionary 1560 (9th ed.2009). By contrast, an independent contractor is defined as "[o]ne who is entrusted to undertake a specific project but who is left free to do the assigned work and to choose the method for accomplishing it." *Id.* at 839. On the face of these definitions, they are not syn-

onymous. A person can meet the definition of a subcontractor, but if that person is subject to the control of his employer, he would not be an independent contractor. Moreover, "[s]ubcontractors have been held to be both independent contractors and employees, depending upon the terms and nature of the agreement and the manner of its performance." *Barkley*, 411 S.W.2d at 823. In determining whether a subcontractor is an independent contractor or an employee, courts apply the analysis well-established in employment law.[2] *See id.*

■■ "Employees and independent contractors are distinguished primarily on the basis of the amount of control the alleged employer has over them." *Sloan v. Bankers Life & Cas.Co.*, 1 S.W.3d 555, 562 (Mo.App. W.D.1999). Some factors to consider in making this determination include: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the person employed is engaged in a distinct occupation; (3) local practice of whether the work is done under the direction of the employer or without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and place of work; (6) whether the work is part of the employer's regular business; (7) whether the method of payment is by the time or the job; and (8) whether the parties believe they are creating an independent contractor or employee relationship. *Lee v. Pulitzer Pub. Co.*, 81 S.W.3d 625, 631 (Mo.App. E.D.2002); *see also Sloan*, 1 S.W.3d at 563 (noting that courts need not discuss them all).

■■ The parties here agree that Kirsch was a subcontractor of Regency.

They disagree, however, whether Kirsch's status as a subcontractor was the equivalent of an independent contractor for liability purposes. The general rule is that a general contractor is not liable for bodily harm caused to another by the tortious acts or omissions of an independent contractor, *Smith v. Inter–County Tel. Co.*, 559 S.W.2d 518, 521 (Mo. banc 1977) (overruled on other grounds), while they are liable for the torts of their employees, *see Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 429 (Mo.App. W.D.2001) (articulating doctrine of respondeat superior). As the party seeking summary judgment, it was Regency's burden to establish both a legal right to judgment and the absence of any genuine issue of material fact. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 378.

Plaintiffs argued below that although Kirsch was a subcontractor, Regency was not necessarily precluded for liability for Kirsch's actions because Kirsch was not an independent contractor. Regency argued that a subcontractor is always an independent contractor, and pointed to cases where Missouri courts use the terms interchangeably. The trial court found that because the terms were interchangeable, Regency was not liable for any tortious acts or omissions by Kirsch. This finding was erroneous.

■■ The terms subcontractor and independent contractor are not necessarily synonymous, *Barkley*, 411 S.W.2d at 823, and the trial court was required to perform an analysis for whether Kirsch was an independent contractor before determining liability on that basis, *see Lee*, 81 S.W.3d at 631. While the cases Regency points to demonstrate that Missouri courts do sometimes use the terms interchangeably, in each of those cases the court made

**2.** Plaintiffs apply agency/principal law in their brief on appeal; however, an analysis under employment law is proper. *Barkley v. Mitchell*, 411 S.W.2d 817, 823 (Mo.App.1967).

a specific finding that the subcontractor was in fact an independent contractor. *Smith*, 559 S.W.2d at 521 (evidence that general contractor exercised no control over how job was done supported independent-contractor/general contractor, not master/servant, relationship); *Boulch v. John B. Gutmann Constr. Co.*, 366 S.W.2d 21, 29–30 (Mo.App.1963) (same); *cf. Empson v. Mo. Hwy. & Trans. Comm'n*, 649 S.W.2d 517, 522 (Mo.App. W.D.1983) (contract that designated independent-contractor relationship along with evidence that general contractor had no control over job supported finding of independent-contractor/general contractor, not agency/principal, relationship). As the court in *Empson* noted, simply characterizing a party an independent contractor does not make it so; rather, a court must make a factual determination of independent-contractor status. 649 S.W.2d at 521.

Here, the trial court conducted no analysis to determine if the undisputed facts showed whether Kirsch, the subcontractor, was an independent contractor or an employee under the "terms and nature of the agreement and the manner of its performance." *Barkley*, 411 S.W.2d at 823.[3] Whether Kirsch was an independent contractor for liability purposes was a disputed issue of material fact and thus Regency failed to meet its burden to show that it was entitled to judgment as a matter of law. The trial court erred in granting summary judgment in favor of Regency.

Point one on appeal is granted.

## C. Regency's Negligence

■ In their second point on appeal, Plaintiffs argue the trial court erred in granting summary judgment to Regency, because it misinterpreted Missouri law in holding a breach of contract does not provide a basis for tort liability, and because the trial court improperly applied the law to the facts alleged.

■ The trial court correctly stated that mere breach of contract does not provide a basis for liability in tort. *Ryann Spencer Group, Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290 (Mo.App. E.D. 2008). A tortious act is what gives rise to tort liability. *Id.* Regardless of the existence of a contract, if an act or omission constitutes a tort, then liability exists in tort law. *See Khulusi v. Southwestern Bell Yellow Pages, Inc.*, 916 S.W.2d 227, 230 (Mo.App. W.D.1995). Likewise, if an action is not a tort, then a breach of contract will not create tort liability. *Id.* The proper question before the trial court was thus whether Plaintiffs asserted acts or omissions constituted a tort.

■ Plaintiffs' negligence claim appears to be based largely upon negligent supervision. Whether Regency had a duty to supervise Kirsch again depends on whether Kirsch was an independent contractor. An employer has a duty to exercise reasonable care to control his employees, but has no duty to exercise reasonable care over an independent contractor, with some exceptions that do not apply here. *See Lonero v. Dillick*, 208 S.W.3d 323, 327–29 (Mo.App. E.D.2006) (no cause of action for negligent supervision for failure to control independent contractor, except in cases of negligent hiring). As previously discussed, the record is devoid of any evidence upon which the trial court could have found Kirsch was an independent contractor, without which it could not properly determine whether Regency had a duty to supervise Kirsch. As the party

---

**3.** We note that the parties did not include a copy of the contract between Regency and Kirsch on appeal; moreover, we see nothing in the record indicating that the contract was provided for the benefit of the trial court.

seeking summary judgment, Regency bore the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 378. This burden was not met, and the trial court erred in granting summary judgment in favor of Regency.

Point two on appeal is granted.

## III. CONCLUSION

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, JR., C.J. and KURT S. ODENWALD, J., concur.