

# Missouri Court of Appeals

## Southern District

### Division One

GLENN L. HIGHFILL,                )
                                  )
            Appellant,            )
                                  )
    vs.                           )    No. SD33392
                                  )
RPCS, INC.,                       )    FILED: August 11, 2015
                                  )
            Respondent.           )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Judge

## REVERSED AND REMANDED

*(Before Scott, P.J., Bates, J., and Sheffield, C.J.)*

PER CURIAM.  RPCS operated a grocery store in a building it leased from Highfill. After fire destroyed the building, Highfill sued RPCS to recover for the loss on negligence and breach of contract theories. Eighty-three days later, RPCS moved for summary judgment which the trial court granted. We reverse and remand.

**Applicable Legal Principles**

Summary judgment was proper only if there was no genuine issue of material fact and RPCS was entitled to judgment as a matter of law. Rule 74.04(c)(6). We review *de novo* based on the record submitted below, employ the same criteria the trial court should have used, accord Highfill the benefit of all reasonable inferences, and give no deference to the trial court's decision. *See **ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993), which "is Missouri's 'bible' on summary judgment."[1]

As a "defending party," RPCS could win summary judgment by showing (1) facts negating any one element of Highfill's claim; or (2) that after adequate time for discovery, Highfill could not produce proof of some element of his claim; or (3) there was no genuine dispute as to the existence of each fact needed to support RPCS's properly pleaded affirmative defense. *Id*. at 381. RPCS's burden was to "summarily state the legal basis for the motion," Rule 74.04(c)(1), then show that the uncontroverted facts established per Rule 74.04(c) entitled it to judgment as a matter of law. In the latter respect, RPCS fell short.

**Analysis**

RPCS's motion asserted not one, but three legal bases for summary judgment:

---

[1] ***Massie v. Colvin***, 373 S.W.3d 469, 471 n.3 (Mo.App. 2012). All citations herein were accessed electronically via Westlaw or LEXIS. Rule references are to Missouri Court Rules (2013).

2

1. The lease agreement "indisputably shows that RPCS was a co-insured tenant whose alleged liability is exonerated from [Highfill]'s claims."

2. On Highfill's negligence claim, that undisputed material facts showed Highfill could not produce sufficient proof that RPCS failed to exercise reasonable care or caused damage to the premises by its acts/inaction.

3. On Highfill's breach of contract claim, that "the express terms of the lease extinguish Highfill's claim for breach of contract."

To support all these theories, RPCS asserted only twelve uncontroverted facts. Highfill denied some, which at best left uncontroverted basically these:

- The parties' lease agreement "provides in part that increases in insurance premiums are the responsibility of the tenant," and that if during the lease term the principal building "'is totally destroyed from any cause this Lease shall become void.'"

- The building was totally destroyed by fire and Highfill collected certain insurance proceeds.

- Brent Pierce worked there for about nine years preceding the 2010 fire, mostly as a meat manager, but as store manager the last few months.

- ANW Refrigeration Services made electrical repairs to the premises.

We fail to see how these alone establish RPCS's legal right to judgment on any of its theories. RPCS cites cases, but it is impossible to find that any of them control given the scant factual record. For example, RPCS's challenge to the breach of contract claim relies entirely on *St. Charles County v. A Joint Bd. Or Comm'n*, 184 S.W.3d 161 (Mo.App. 2006), which declared *ultra vires* and void *ab initio* a municipal contract made in violation of mandatory statutory

3

procedures.  *Id*. at 165-66.  We are hard pressed on this record to say that case governs this one.

Further analysis is unnecessary. Summary judgment was inappropriate. We deny all pending motions and reverse and remand for further proceedings.[2]

---

[2] That said, at least for movants with a burden of proof, we are not sure summary judgment practice per *ITT* and Rule 74.04(c) wholly squares with ***White v. Dir. of Revenue***, 321 S.W.3d 298, 305-08, 311 (Mo. banc 2010), which distinguishes between *uncontroverted* and *uncontested* proof*.*

***White*** asserts that only when evidence is *uncontested* (*e.g.*, by stipulation or its equivalent) does the issue become one of law. *Id*. at 308. "To contest evidence, a party need not present contradictory or contrary evidence." ***Id***.

> While a party can contest evidence by putting forth evidence to the contrary, a party also can contest evidence by cross-examination, or by pointing out internal inconsistencies in the evidence.... A party also may contest evidence by arguing to the trial court that the witness is not credible as apparent from the witness's demeanor, or because of the witness's bias or the witness's incentive to lie.

*Id*. (citations omitted). *See also* ***State v. Jackson***, 433 S.W.3d 390, 392 (Mo. banc 2014) ("evidence never proves any element until the jury says it does").

Contrast summary judgment practice where a movant asserts *uncontroverted* facts in separately numbered paragraphs, and the opponent must "support each denial with specific references" to the record and attach "all discovery, exhibits or affidavits on which the response relies" or suffer "admission of the truth of that numbered paragraph." Rule 74.04(c)(2). ***ITT*** is similar. "[T]he non-movant's *only* recourse is to show—by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." 854 S.W.2d at 381. "For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *Id*. at 382. "[T]he non-movant must *create* a genuine dispute by supplementing the record with competent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts." ***Id***.

4