# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3192

_____

Cincinnati Insurance Company

*Plaintiff - Appellee*

v.

Jacob Rieger & Co., LLC

*Defendant - Appellant*

_____

No. 21-3298

_____

Cincinnati Insurance Company

*Plaintiff - Appellant*

v.

Jacob Rieger & Co., LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 22, 2022
Filed: January 19, 2023

_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Five months after being sued in Oregon for trademark infringement, Jacob Rieger & Co., LLC provided notice to its liability insurer, Cincinnati Insurance Company. Due to Rieger's delay, Cincinnati refused to reimburse Rieger's legal fees for the five months that Cincinnati was unaware of the lawsuit. The Oregon case was ultimately dismissed for lack of jurisdiction. Instead of waiting to be sued in a court that did have jurisdiction, Rieger's parent company, GSP Licensing LLC, filed a new suit in Missouri as the plaintiff. GSP was not named under Rieger's insurance policy, so Cincinnati denied coverage for the Missouri case.

Cincinnati then filed this lawsuit, seeking a declaration of coverage. The district court granted summary judgment to Cincinnati. We agree that Cincinnati is not liable for fees incurred by GSP in Missouri. As to the pre-notice fees in Oregon, because the district court did not treat prejudice as an affirmative defense, we reverse in part and remand the case for further proceedings. We also affirm two earlier district court rulings dismissing Rieger's tort claims and sanctioning Cincinnati for a discovery violation.

I.

Rieger bought an insurance policy from Cincinnati for personal and advertising injury liability. Rieger was the only named party under the policy. The policy required Rieger to notify Cincinnati "as soon as practicable" of a "claim," "suit," "occurrence," or an "offense which may result in a claim." The policy also had a voluntary payments clause, stating that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

Domaine Serene Vineyards and Winery, Inc. filed a complaint against Rieger in Oregon for trademark infringement. Rieger was aware of a potential trademark issue with Domaine at least seven months before Domaine filed the complaint. Rieger hired counsel and moved to dismiss the complaint for lack of jurisdiction.

Five months after Domaine filed the initial complaint, Rieger notified Cincinnati of the Oregon lawsuit. Cincinnati began investigating the claims to determine coverage. The Oregon suit was later dismissed.

Cincinnati's and Rieger's representatives met to assess coverage. Because the Oregon suit was dismissed for lack of jurisdiction, Rieger explained that Domaine would likely re-file in a different court. Rieger asked if it could file as a plaintiff instead to secure a favorable venue in Missouri. Cincinnati, through its representative, said:

> I'm not going to be able to provide you guys a whole bunch of answers right now . . . . I don't think it's going to matter whether you are going to be the Defendant or the Plaintiff. This is still going to be handled as the same claim . . . . So, I would tell you as we're investigating this on our side, I would strategically do what you feel you need to do on your side independently of us. . . . I certainly, if you're thinking about filing in Jackson County, [Missouri] . . . at whatever point that trigger you know is pulled that would make you say it's time to do it, I would do it. I wouldn't want to miss that opportunity either. . . . [B]ut as far as I . . . can say with all of the you know experience that I have, that's not going to change anything for us.

App. 352.

Rieger's parent company, GSP, then filed for declaratory judgment against Domaine in the Western District of Missouri. GSP later settled with Domaine.

After assessing coverage, Cincinnati told Rieger that it would cover attorney's fees in Oregon starting from the date it was notified but would not cover any fees incurred in Missouri.

Cincinnati filed this action against Rieger, seeking a declaration that Cincinnati was not liable for pre-notice fees in Oregon or any fees in Missouri. Rieger made several counterclaims, including a breach of contract claim and tort claims for fraudulent inducement and negligent misrepresentation. The district court granted Cincinnati's motion to dismiss Rieger's tort claims, holding that they were not distinct from Rieger's contract claim. Later in the litigation, the district court granted Cincinnati's motion for summary judgment. The district court also granted Rieger's motion for sanctions due to Cincinnati's violation of a discovery order.

II.

We first address the district court's grant of summary judgment. Specifically, whether Cincinnati was required to reimburse Rieger for (1) pre-notice fees in the Oregon lawsuit and (2) all fees in the Missouri lawsuit. Summary judgment is only appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's grant of summary judgment and its interpretation of Missouri law *de novo*. *See Washburn v. Soper*, 319 F.3d 338, 340 (8th Cir. 2003).

A.

We first consider whether Cincinnati was required to reimburse Rieger for pre-notice fees in Oregon. Missouri law requires us to consider whether the insurer was prejudiced by the insured's untimely notice. *See Weaver v. State Farm Mut. Auto. Ins. Co.*, 936 S.W.2d 818, 821 (Mo. banc 1997); *Tresner v. State Farm Ins. Co.*, 913 S.W.2d 7, 11 (Mo. banc 1995). Prejudice exists when the insurer is denied "the opportunity to protect its interests." *Johnston v. Sweany*, 68 S.W.3d 398, 402 (Mo. banc 2002). Thus, an insurer *may* suffer prejudice when it is "denied the opportunity to manage and attempt to reach an early and relatively inexpensive resolution of [the insured's] claim." *Wittner, Poger, Rosenblum & Spewak, P.C. v. Bar Plan Mut. Ins. Co.*, 969 S.W.2d 749, 755 (Mo. banc 1998).

The parties dispute how we should factor prejudice into our analysis. Cincinnati urges us to presume prejudice and place the burden on Rieger to rebut that presumption.[1] In contrast, Rieger argues that prejudice is an affirmative defense, meaning we should place the burden on Cincinnati to prove that it was prejudiced by Rieger's delay in providing notice. To settle this dispute, we must "predict how the state supreme court would resolve the issue." *United Fire & Cas. Ins. Co. v. Garvey*, 328 F.3d 411, 413 (8th Cir. 2013).

This is not a difficult prediction: "Missouri treats the failure of an insured to provide timely notice to the insurer as an affirmative defense," *Weaver*, 936 S.W.2d at 821, and "[p]rejudice to the insurer will not be presumed from the mere fact of an insured's delay in giving notice," *Tresner*, 913 S.W.2d at 11. *See also Johnston*, 68 S.W.3d at 402 ("[A]n insured . . . will not be barred from recovery . . . unless the insurer can show that it has been prejudiced by the insured's non-compliance with such policy provisions.").

Cincinnati points only to intermediate appellate decisions applying a presumption of prejudice.[2] But "decisions of the . . . intermediate appellate court[s] are not binding" and must be followed only "when they are the best evidence" of Missouri law. *Bureau of Engraving, Inc. v. Fed. Ins. Co.*, 5 F.3d 1175, 1176 (8th Cir. 1993) (cleaned up). Under Missouri law, the district court should have treated prejudice as an affirmative defense. Because it did not, we reverse the grant of summary judgment and remand.

---

[1]Cincinnati also argues that, under the policy's voluntary payments clause, Rieger was not permitted to voluntarily make a payment, assume any obligation, or incur any expense without Cincinnati's consent. Cincinnati did not make this argument below and therefore cannot raise it for the first time on appeal. *See Sanzone v. Mercy Health*, 954 F.3d 1031, 1045 (8th Cir. 2020). However, we do not preclude the district court from considering this issue on remand. *Cf. United States v. Castellanos*, 608 F.3d 1010, 1019–20 (8th Cir. 2010).

[2]*See, e.g.*, *Billings Mut. Ins. Co. v. Cameron Mut. Ins. Co.*, 229 S.W.3d 138, 152–53 (Mo. Ct. App. 2007); *Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242, 248 (Mo. Ct. App. 2000).

B.

We now address whether Cincinnati was required to reimburse Rieger for fees incurred by GSP in Missouri. Simply put, GSP was not insured under the policy, so Cincinnati was not liable for its actions. Rieger asserts that Cincinnati should provide coverage anyway because Cincinnati encouraged Rieger to file in Missouri. But Cincinnati did not encourage Rieger to file the suit under a company that it did not insure; Cincinnati did not know that GSP would file instead of Rieger.

Rieger's other arguments are equally unavailing. Rieger argues that Cincinnati should provide coverage because GSP only filed in Missouri to defend the trademark claim against Rieger. And Rieger paid for the Missouri lawsuit, not GSP. But these links between the companies do not negate the fact that Rieger is covered by Cincinnati and GSP is not.

An "application of the policy to losses suffered by a party other than the named insured would have the effect of providing coverage where none existed under the policy's own terms." *Taylor v. Com. Union Ins. Co.*, 614 F.2d 160, 163 (8th Cir. 1980). Because Cincinnati is not liable for the actions of a company it has not insured, we affirm the district court's holding on this issue.

III.

Finally, we address two earlier district court rulings. First, the district court dismissed Rieger's tort claims because they were not independent of Rieger's contract claim. We review the district court's order granting a motion to dismiss *de novo*. *Jacobson Warehouse Co. v. Schnuck Markets, Inc.*, 13 F.4th 659, 668 (8th Cir. 2021). Second, the district court sanctioned Cincinnati for attorney's fees because Cincinnati did not comply with the court's discovery order. We review the district court's issuance of sanctions for an abuse of discretion. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012).

## A.

In Missouri, "an insured with a dispute against its insurance company cannot substitute a tort claim when a contract remedy is available." *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290 (Mo. Ct. App. 2008) (emphasis omitted). "The mere failure to perform a contract cannot serve as the basis of tort liability unless the breach itself is an independent tort." *Id.* Rieger argues that its tort claims are independent of any contractual promise and not based on a mere failure to perform the contract. We disagree.

Under Missouri law, a tort claim is independent of a contract claim if the tort claim can succeed without regard to the outcome of the contract claim. *See Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000). In *Overcast*, the court held that a defamation claim was independent of a breach of contract claim because the insurance company could defame the insured even if it had paid the insured's claim. *Id.* In other words, the tort claim could succeed regardless of the outcome of the contract claim. Here, Rieger admits that its tort claims would fail if its contract claim succeeded.[3] By Rieger's own admission, we find that the district court properly dismissed Rieger's tort claims.

## B.

"Rule 37(b) authorizes sanctions for failure to comply with discovery orders." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1011 (8th Cir. 1993); *see* Fed. R. Civ. P. 37(b). "A district court [has] wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enters., Inc.*, 184 F.3d 924, 936 (8th Cir. 1999). The court is allowed "to treat such failure as contempt of

---

[3]Rieger states that "[i]f the policy provides coverage for the filing of the lawsuit in Missouri," *i.e.*, if Rieger's breach of contract claim succeeds, "the tort claims fail on their merits." Rieger Br. 53. Rieger further states that for its "[tort] claims to succeed, the claim for post-notice defense costs must *fail* as a matter of contract." *Id.* at 54.

court, [and] require the payment of reasonable attorney fees." *Gleghorn v. Melton*, 195 F. App'x 535, 537 (8th Cir. 2006) (cleaned up).

The district court ordered Cincinnati to supplement its discovery by January 17, 2021. It is undisputed that Cincinnati did not do so until February 12, 2021. Because Cincinnati failed to comply with the discovery order, the district court did not abuse its discretion in finding Cincinnati in contempt of court and liable for Rieger's attorney's fees.

IV.

As to the pre-notice fees in Oregon, we reverse the district court's grant of summary judgment to Cincinnati. Regarding GSP's fees in Missouri, the dismissal of Rieger's tort claims, and the imposition of sanctions, we affirm.

Remanded for proceedings consistent with this opinion.
_____